JONATHON E. CASHMORE, Plaintiff-Appellant, v. BUILDERS SQUARE, INC., sometimes known as Builders Square, *et al.*, Defendants-Appellees—THOMAS C. ROSER, Plaintiff-Appellee, v. GOVERNMENT EMPLOYEE INSURANCE COMPANY, INC., Defendant-Appellant (Karen Anderson, Defendant).—RONALD ACHS, Plaintiff-Appellant, v. LEONARD M. RING *et al.*, Defendants-Appellees.

Second District   Nos. 2—90—0522, 2—90—0660, 2—90—0979 cons.

Opinion filed December 27, 1990.

Richard J. Smith, of Sullivan, Smith, Hauser & Noonan, Ltd., of Waukegan, for appellant John E. Cashmore.

Robert Marc Chemers and Scott O. Reed, both of Pretzel & Stouffer, Chartered, of Chicago, for appellants Karen Anderson and Government Employees Insurance Company.

Anthony J. Nasharr III, of Kemp & Capanna, Ltd., of Oak Brook, Gary R. Schmaus, of Schmaus Law Offices, of Menomonee Falls, Wisconsin, and William Chandek, of Brookfield, Wisconsin, for appellant Ronald Achs.

Glen E. Amundsen and Judith A. Chapman, both of Querrey & Harrow, Ltd., of Waukegan, for appellee Builders Square, Inc.

G. Douglas Grimes, of Law Offices of G. Douglas Grimes, of Waukegan, for appellee Thomas C. Roser.

Robert G. Black, of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Lisle, and D. Kendall Griffith, of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellees Leonard M. Ring and Henry P. Gruss.

Leonard M. Ring and Henry Philip Gruss, both of Leonard M. Ring & Associates, and John F. Horvath, of Horvath & Wigoda, both of Chicago, and Peter Thomas Smith, *pro se*, of Sycamore, for appellee Peter Thomas Smith.

JUSTICE REINHARD delivered the opinion of the court:

In each of these three appeals, which this court has consolidated on its own motion for purposes of issuing its opinion, the appellant has characterized the appeal as one brought from a final order of the circuit court pursuant to Supreme Court Rules 301 and 303 (107 Ill. 2d Rules 301, 303). However, we have determined that, in each appeal, the order appealed from is not final and appealable and that, therefore, this court has no jurisdiction to hear the appeals.

We have consolidated these appeals because they illustrate a number of common procedural pitfalls which confront judges as well as trial attorneys who wish to perfect appeals. The fact that no party to any of the appeals has noted the jurisdictional defect in each underscores the subtle nature of the error and the need for closer scrutiny of the steps necessary to perfect an appeal. Even where no party raises the question, a reviewing court has a duty to consider *sua sponte* its jurisdiction and to dismiss the appeal if it determines that jurisdiction is wanting. *Ferguson v. Riverside Medical Center* (1985), 111 Ill. 2d 436, 439, 490 N.E.2d 1252; *Archer Daniels Midland Co. v. Barth* (1984), 103 Ill. 2d 536, 539, 470 N.E.2d 290.

In appeal No. 2—90—0979, plaintiff, Ronald Achs, appeals from the dismissal pursuant to section 2—615 of the Code of Civil Procedure (the Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—615) of his

amended complaint alleging attorney malpractice against defendants, Leonard M. Ring, Henry P. Gruss, Peter T. Smith, and Leonard Ring & Associates (defendant attorneys), Ach's attorneys in a prior lawsuit.

The facts alleged in the amended complaint essentially recite that, following his injury in an automobile accident, Achs employed defendant attorneys to represent him regarding that matter. Ultimately, a lawsuit was filed on his behalf by defendant attorneys and, following a jury trial, an inadequate verdict was returned in Achs' favor. Achs further alleged that defendant attorneys breached their duty to provide competent advice and representation in the prior suit by virtue of the following acts or omissions: failing to inform Achs of settlement offers; failing to investigate in certain respects; failing to prepare for depositions and to prepare Achs for his deposition; and failing to try the case in a competent manner.

Defendant attorneys filed motions to dismiss pursuant to section 2—615 of the Code stating that the amended complaint failed to state a cause of action. More particularly, the motions set forth that the amended complaint only alleges conduct which constitutes errors in judgment which are not actionable in an attorney malpractice suit. Following the submission of both written and oral arguments on the section 2—615 motions, the trial court stated:

> "THE COURT: I have heard the arguments, I have read the briefs. I am finding the motion to dismiss must be granted in part. I think the only part that survives the motion to dismiss are those allegations regarding the failure to inform of the settlement offers."

The court then entered the following written order from which Achs now appeals:

> "THIS CAUSE COMING TO BE HEARD ON 2—615 MOTIONS OF ALL DEFENDANTS TO DISMISS THE AMENDED COMPLAINT, DUE NOTICE HAVING BEEN GIVEN AND THE COURT HAVING REVIEWED THE MOTIONS AND BRIEFS IN SUPPORT AND OPPOSITION TO SAID MOTIONS AND HAVING HEARD ARGUMENTS OF COUNSEL;
>
> IT IS HEREBY ORDERED THAT THESE 2—615 MOTIONS ARE GRANTED IN ALL RESPECTS EXCEPT WITH RESPECT TO THE ALLEGATION THAT CERTAIN SETTLEMENT OFFERS WERE NOT COMMUNICATED TO THE PLAINTIFF AND AS TO THAT ALLEGATION ONLY, THE PLAINTIFF IS GRANTED LEAVE TO FILE A

SECOND AMENDED COMPLAINT WITHIN (21) DAYS; OTHERWISE, IT IS HEREBY ORDERED THAT AS TO ALL OTHER ALLEGATIONS, THE AMENDED COMPLAINT IS DISMISSED WITH PREJUDICE."

The order granted the motions to dismiss "except with respect to the allegation that certain settlement offers were not communicated to the plaintiff." Thus, this allegation of attorney malpractice remained as pleaded in the amended complaint. This conclusion is confirmed by the court's oral statements that it was granting the motion to dismiss only "in part" and that the portion of the claim based on the failure to communicate settlement offers "survives the motion to dismiss." The written order further recites that, as to that allegation only, Achs "is granted leave to file a second amended complaint within (21) days; otherwise it is hereby ordered that as to *all other allegations*, the amended complaint is dismissed with prejudice." (Emphasis added.) This part of the order clearly did not dismiss the remaining allegation concerning the failure to communicate settlement offers, but only gave Achs leave to amend as to that allegation. No request had been made by Achs to amend that allegation, and that allegation alone remained in the amended complaint. No new amended complaint was ever filed.

Achs' statement of jurisdiction in his appellate brief states that the appeal is from a final judgment "dismissing in its entirety the amended complaint." Achs also recites that he "opted to stand on [his] second [*sic*] amended complaint with respect to this appeal." Because the amended complaint which was dismissed in part still exists as to the allegation of the failure to communicate settlement offers, the court's order is not a final order under Supreme Court Rule 301. Even had the trial court made a special finding that there is no just reason for delaying enforcement or appeal, which it did not, the order was not a final judgment as to a *separate* claim appealable under Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a); see also Ill. Rev. Stat. 1989, ch. 110A, par. 304(a)). Since Achs' complaint only advanced one theory of recovery, attorney malpractice, it was only a single claim despite the allegations of various negligent acts or omissions. (*Hull v. City of Chicago* (1987), 165 Ill. App. 3d 732, 733, 520 N.E.2d 720; see also *Brown v. K.J.S. Co.* (1989), 189 Ill. App. 3d 768, 770-71, 545 N.E.2d 555.) Thus, this court is without jurisdiction to hear the appeal in case No. 2—90—0979.

In the appeal in case No. 2—90—0522, plaintiff, John E. Cashmore, appeals from the order of the circuit court of Lake

County pursuant to section 2—619(a)(9) of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(9)) dismissing with prejudice his complaint in negligence against defendants, Builders Square, Inc., and its employees, Mark Jorgenson and Robert Adams. The record shows that Jorgenson and Adams were never served with summons. The record further reveals that, after the action was filed, Cashmore filed a petition for sanctions against Builders Square pursuant to section 2—611 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—611, repealed by Pub. Act 86—1156, eff. Aug. 10, 1990), alleging that the position taken by Builders Square in its motion to dismiss was inconsistent with the position it had taken before the Industrial Commission. The trial court never ruled on this petition, nor did Cashmore withdraw it.

On January 30, 1990, the trial court granted Builders Square's motion to dismiss Cashmore's complaint with prejudice pursuant to section 2—619(a)(9) of the Code, which was based on the argument that Cashmore had already received benefits for his injuries pursuant to the Workers' Compensation Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.1 et seq.). After his motion for reconsideration was denied, Cashmore appealed.

■ Again, the judgment appealed from is mistakenly characterized as final and appealable. Section 2—611 of the Code provides that a motion for sanctions brought thereunder is considered part of the underlying civil action. (Ill. Rev. Stat. 1989, ch. 110, par. 2—611.) Absent a finding pursuant to Supreme Court Rule 304(a), no appeal may be taken from the underlying civil action until a timely filed section 2—611 petition has been resolved. (*Marsh v. Evangelical Covenant Church* (1990), 138 Ill. 2d 458, 468.) Here, Cashmore's section 2—611 petition for sanctions was never resolved by the trial court. While the parties may have assumed that the practical effect of granting Builders Square's motion to dismiss would necessarily result in a denial of Cashmore's section 2—611 petition, this court cannot speculate on how the circuit court would have ruled. In any event, regardless of how the court *might* have ruled, it did *not* rule. Thus, the order granting Builders Square's motion to dismiss the complaint was not final and appealable, and we have no jurisdiction to entertain the appeal in case No. 2—90—0522.

A similar jurisdictional defect is present in the appeal in case No. 2—90—0660. In this cause, defendant, Government Employee Insurance Co., Inc. (GEICO), appeals from an order of summary judgment entered by the circuit court of Lake County in favor of plaintiff, Thomas C. Roser, on his complaint seeking declaratory re-

lief with regard to an insurance policy issued to him by GEICO. The record reveals that the parties filed cross-motions for summary judgment, and, in an order entered on June 5, 1990, the trial court denied GEICO's motion and entered summary judgment in favor of Roser.

On June 14, 1990, Roser filed a post-judgment petition for sanctions against defendant pursuant to section 2—611 of the Code. On June 15, 1990, GEICO filed its notice of appeal from the judgment entered on June 5, 1990. Subsequently, on July 5, 1990, GEICO filed a post-judgment petition for sanctions against Roser pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137; see also Ill. Rev. Stat. 1989, ch. 110A, par. 137). On July 6, 1990, the trial court entered an order denying GEICO's petition for sanctions. However, as to Roser's petition for sanctions, the court stated the issue was "reserved by the Court pending the present appeal of defendant GEICO."

■ Once again, the pendency of an unresolved section 2—611 petition frustrates our jurisdiction over the appeal. Here, the motion was timely filed within 30 days *after* the entry of final judgment, but the result is the same as if it had been filed before. When a section 2—611 claim is brought after the disposition of the main claim, the judgment entered on the main claim, even though otherwise a final judgment, is not appealable without a finding of no just reason to delay enforcement or appeal pursuant to Supreme Court Rule 304(a). (*Marsh*, 138 Ill. 2d at 467, citing *Palmisano v. Connell* (1989), 179 Ill. App. 3d 1089, 1095, 534 N.E.2d 1243.) No such finding was made here, and Roser's petition for sanctions remains unresolved. Thus, the judgment appealed from is not final, and we are without jurisdiction to hear the appeal in case No. 2—90—0660.

■ We further note a second barrier to our jurisdiction based on GEICO's petition for sanctions against Roser pursuant to Supreme Court Rule 137. Rule 137 is substantially the same as section 2—611 and preempts all matters sought to be covered by that statutory provision. (134 Ill. 2d R. 137; see also Ill. Ann. Stat., ch. 110A, par. 137, Committee Comments, at 68 (Smith-Hurd Supp. 1990).) GEICO's Rule 137 petition was filed after the notice of appeal but within 30 days of the June 5 order entering summary judgment in favor of Roser.

■ Where a section 2—611 petition is filed after the filing of a notice of appeal, but within 30 days of the entry of an otherwise final judgment, the notice of appeal is rendered ineffective because it

is premature. (*Marsh*, 138 Ill. 2d at 468.) We believe that the same result is required when a petition for sanctions pursuant to Rule 137 is filed after the filing of a notice of appeal but within 30 days of the entry of judgment disposing of the main claim. Thus, even if Roser here had not filed a post-judgment petition for sanctions, GEICO's own motion would have rendered his notice of appeal ineffective and destroyed appellate jurisdiction. We note that, were it not for the filing and pendency of Roser's motion, the time for filing a notice of appeal would have lapsed 30 days after the July 6, 1990, order disposing of GEICO's motion for sanctions. GEICO's right to appeal the judgment would have terminated at that point because no timely notice of appeal was filed. Thus, the vitality of GEICO's right to appeal eventually the entry of summary judgment has been preserved, but only by the mere fortuity of Roser's petition for sanctions remaining unresolved.

In conclusion, we wish to add that it is always with regret that this court finds itself forced to dismiss appeals without reaching the issues raised by the parties because of unintentional and overlooked jurisdictional defects. We hope that this opinion, which illustrates the need for care in the earliest stages of the appellate process, will be of help to trial judges and practitioners alike in avoiding such missteps in the future.

Should a final and appealable order or the appropriate findings under Rule 304(a) subsequently be made by the circuit court and a timely notice of appeal filed in any of these cases, we will consider the appeal on the original briefs, if the parties so agree, upon supplementation of the record to reflect the additional proceedings below.

We hold that the orders appealed from in case Nos. 2—90—0522, 2—90—0660, and 2—90—0979 are not final and appealable. Thus, we are without jurisdiction to hear the appeals, and they are hereby dismissed.

Appeals dismissed.

UNVERZAGT, P.J., and DUNN, J., concur.