SJS INVESTMENTS, LTD., Plaintiff-Appellant, v. La SALLE NATIONAL BANK, as Trustee, Defendant (The 450 East Partnership, a/k/a The 450 East Ohio Partnership, Indiv. and as Beneficial Owner of 450 East Ohio Street, Chicago, Defendant-Appellee).

First District (5th Division)   No. 1—89—2649

Opinion filed February 15, 1991.

Melbourne A. Noel, Jr., of Katten, Muchin & Zavis, of Oakbrook Terrace, and Stephen J. Schostok, of Laser, Schostok, Kolman & Frank, of Chicago, for appellant.

Gerald D. Mindell, of Sperling, Slater & Spitz, of Chicago, for appellee.

PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Plaintiff, SJS Investments, Ltd., appeals from an order granting defendant, 450 East Partnership, summary judgment. We consider whether this court has jurisdiction over plaintiff's appeal when it was filed while defendant's motion for attorney fees under section 2—611 of the Civil Practice Law (Ill. Rev. Stat. 1989, ch. 110, par. 2—611) was pending. For the following reasons, we dismiss the appeal for lack of jurisdiction.

On July 15, 1988, plaintiff filed a complaint for specific performance against defendant and La Salle National Bank. The trial court subsequently entered summary judgment in defendant's favor and dismissed La Salle National Bank from the case. Within 30 days of that order, plaintiff filed a motion to reconsider which was denied on August 24, 1989.

Also on that day, defendant filed a motion for attorney fees under section 2—611 which was set for hearing on October 19, 1989. While that motion was pending, on September 15, 1989, plaintiff filed a notice of appeal from the order granting defendant summary judgment and the order denying its motion to reconsider.

OPINION

In its brief, plaintiff states that the appeal was taken under Supreme Court Rule 303 (134 Ill. 2d R. 303), which requires a notice of appeal to be filed within 30 days of a final judgment or, if a post-trial motion was filed, within 30 days of the order disposing of the post-trial motion. The question this court must consider is what effect the pen-

dency of defendant's section 2—611 motion for attorney fees had on plaintiff's ability to appeal.

■ The Illinois Supreme Court recently decided the issue presented in *Marsh v. Evangelical Covenant Church* (1990), 138 Ill. 2d 458, 563 N.E.2d 459. In *Marsh*, judgment was entered against plaintiffs, and within 30 days, they filed a notice of appeal. The same day the notice of appeal was filed, defendant filed a motion for attorney fees under section 2—611 (Ill. Rev. Stat. 1989, ch. 110, par. 2—611 (substantially preempted by Supreme Court Rule 137 (134 Ill. 2d R. 137))).

Defendant in *Marsh* moved to dismiss the appeal, contending that it was filed prematurely because its section 2—611 motion was pending. The court discussed *Hise v. Hull* (1983), 116 Ill. App. 3d 681, 452 N.E.2d 372, which stated that a section 2—611 motion filed after the entry of judgment was a separate action and the judgment may be appealed without a finding under Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) that there was no just reason to delay enforcement or appeal.

The court in *Marsh* noted, however, that after the decision in *Hise*, section 2—611 was amended, effective November 25, 1986, and now provides that a motion for attorney fees under the section is part of the same proceeding and is not a separate cause of action. Therefore, under the amendment, an appeal could not be taken from a judgment if a section 2—611 motion was pending without a Rule 304(a) finding. The court found that the amendment to section 2—611 was applicable to plaintiffs' complaint because it was filed after the effective date of the amendment. As a result, the court affirmed the dismissal of plaintiffs' appeal because it was premature when defendant's section 2—611 motion was pending and the order appealed from did not contain a Rule 304(a) finding.

■ Similarly, in this case, plaintiff filed a notice of appeal while defendant's motion for attorney fees under section 2—611 was pending. The amendment to section 2—611 relied on in *Marsh*, which provides that a section 2—611 motion continues the proceeding, is also applicable to plaintiff's complaint, filed after its effective date. Under *Marsh*, plaintiff's appeal was premature because defendant's section 2—611 motion was pending and the order appealed from did not have a Rule 304(a) finding. As a result, this court does not have jurisdiction under either Supreme Court Rule 303 or 304(a).

Appeal dismissed.

MURRAY and McNULTY, JJ., concur.