F.H. PRINCE AND CO., INC., Plaintiff-Appellee, v. TOWERS FINANCIAL CORPORATION, Defendant-Appellant.

First District (5th Division)   Nos. 1—91—1562, 1—91—2231 cons.

Opinion filed September 30, 1994.

Roger B. Harris and Daniel J. Becka, both of Altheimer & Gray, of Chicago, for appellant.

Stephen C. Schulte, Paul P. Biebel, Jr., and Christopher S. Canning, all of Winston & Strawn, of Chicago, for appellee.

JUSTICE GORDON delivered the opinion of the court:

F.H. Prince and Co., Inc. (hereinafter referred to as Prince), filed a complaint against Towers Financial Corporation (hereinafter referred to as Towers) alleging breach of contract. The contractual terms were contained in a settlement agreement, promissory note and guaranty. The trial court struck Towers' first affirmative defense and counterclaim and dismissed with prejudice Towers' second affirmative defense. Towers filed an amended verified answer and counterclaim, and Prince moved to dismiss that pleading. At the hearing, Towers sought leave to file a second amended answer and counterclaim. The trial court proceeded to hear argument on the motion to dismiss the first amended answer and counterclaim and granted the motion to dismiss. The court also denied Towers' motion for leave to file its second amended verified affirmative defense and counterclaim. Towers filed a motion to reconsider which was denied, and the case proceeded to jury trial.

At trial, the court directed a verdict on the amount of principal due Prince under the promissory note and guaranty and denied Towers' request to have the jury determine the issue of attorney fees and costs. The jury returned a verdict on Prince's claim for interest on the principal, and judgment was entered on February 6, 1991, for Prince in the amount of $767,986.86 representing the principal and interest. On February 25, 1991, Prince filed a petition for attorney fees and costs for the period through February 13, 1991, the last day of trial, and amended the petition to include additional fees and costs through April 4, 1991. A second judgment was entered for Prince on April 4, 1991, in the amount of $60,967.39 for attorney fees and costs. Also on that date, Towers filed a post-trial motion which was heard and denied on May 8, 1991.

On May 9, 1991, Prince filed a second petition for fees for the period through May 8, 1991. Hearing on this matter was set for May 13, 1991; but on that date, Towers filed a notice of appeal from various orders and judgments entered through May 8, 1991. On May 31, 1991, after submission of briefs and argument, the trial court held that it had jurisdiction to hear Prince's May 9, 1991, petition for fees and costs and, on June 28, 1991, entered judgment in the additional amount of $18,519.56. Towers filed a second notice of appeal from the court's May 31, 1991, order and the June 28, 1991, judgment. By order of this court, the appeals were consolidated.

On appeal, Towers argues that the trial court erred in dismissing its amended affirmative defense and counterclaim and in refusing to permit the jury to determine attorney fees and expenses. Towers also

argues that the trial court lost jurisdiction to rule on Prince's supplemental petition for fees filed on May 9, 1991, because that petition was not timely filed and because Towers had filed its notice of appeal on the day that petition was scheduled to be heard.

Prince has filed a motion in this court to dismiss Towers' first notice of appeal filed on May 13, 1991. We have taken this motion with the case and must address that issue first. In order to do so, some background is necessary on the basis for the complaint filed by Prince against Towers.

In 1988, Prince settled a lawsuit and bankruptcy claim against United Fire Insurance Company (hereinafter referred to as United Fire), a Towers subsidiary, for $1.2 million to be paid in installments plus interest. Towers guarantied all payments owed by United Fire to Prince in accordance with the terms of the settlement agreement, promissory note and guaranty. The settlement agreement required the payment of six installments totalling $600,000, and the promissory note required additional quarterly payments totalling $600,000 plus interest. Thereafter, United Fire paid Prince the first three installments totalling $350,000, and Towers paid the remaining $250,000 under the settlement agreement. No payments were made in accordance with the terms of the promissory note, and Prince instituted the instant action.

Paragraph 5 of the settlement agreement provided in relevant part:

> "If at any time or times hereafter Prince proceeds with a lawsuit or takes any other action to enforce this Settlement Agreement, then UFIC [United Fire] and Towers agree to pay on demand all reasonable costs, fees and expenses incurred by Prince in any manner or way with respect to the foregoing. Such costs, fees and expenses include but are not limited to: (i) *attorneys' fees, costs and expenses*; \*\*\* (iii) *court costs and expenses*; (iv) court reporter fees, costs and expenses; (v) long distance telephone charges; (vi) telegram or telecopy charges; (vii) expenses for travel \*\*\*." (Emphasis added.)

Paragraph 7 of the guaranty provided in relevant part:

> "If at any time or times hereafter Prince: (a) employs counsel for advice or other representation, (i) to represent Prince in any litigation \*\*\* relating to this Guaranty \*\*\* and/or (ii) to enforce any rights of Prince against Guarantor \*\*\* and/or (b) attempts to or enforces any of Prince's rights or remedies against Guarantor or UFIC, the *reasonable costs, fees and expenses incurred by Prince in any manner or way with respect to the foregoing shall be part of the Guarantor's Liabilities, payable by Guarantor to Prince*, on

*demand. Without limiting the generality of the foregoing, such costs, fees and expenses include: (i) attorneys' fees, costs and expenses; \*\*\* (iii) court costs and expenses;* (iv) court reporter fees, costs and expenses; (v) long distance telephone charges; (vi) telegram or telecopy charges \*\*\*." (Emphasis added.)

The promissory note, executed simultaneously with the settlement agreement and guaranty, incorporated by reference all the terms of the agreement and guaranty and repeated the language quoted above relating to Prince's rights and remedies against Towers and United Fire.

Prince's complaint alleged that Towers had breached the terms of the settlement agreement, promissory note and guaranty and sought the entry of judgment against Towers in the amount of $600,000 plus interest, at the rate defined in the promissory note, attorney fees and costs. As stated above, Prince prevailed on the merits of its complaint and obtained judgments for the principal and interest and for certain attorney fees and costs.

The dates that are relevant to the issue of jurisdiction are as follows:

| | | |
|---|---|---|
| 2/6/91 | — | Judgment entered for Prince in the amount of $767,986.86 (principal and interest) |
| 2/25/91 | — | Prince files petition for fees and costs (Initially fees and costs incurred through trial; amended to include period of February 14, 1991, to March 21, 1991 |
| 4/4/91 | — | Judgment entered for Prince for $60,967.39 for attorney fees and costs |
| 4/4/91 | — | Towers files post-trial motion |
| 5/8/91 | — | Order denying Towers' post-trial motion |
| 5/9/91 | — | Prince files second petition for fees and costs (Incurred through May 8, 1991) (Hearing set for May 13, 1991) |
| 5/13/91 | — | Towers files first notice of appeal pursuant to Supreme Court Rule 303 (134 Ill. 2d R. 303) |
| 5/13/91 | — | Hearing on Prince's second petition for fees and costs (Jurisdictional argument raised) |
| 5/31/91 | — | Trial court finds jurisdiction and orders briefs on reasonableness of fees and costs |
| 6/28/91 | — | Judgment entered for Prince for fees and costs in the amount of $18,519.56 |
| 7/1/91 | — | Towers files second notice of appeal pursuant to Supreme Court Rule 303. |

■ Every final judgment in a civil case is appealable pursuant to

Supreme Court Rule 301 (134 Ill. 2d R. 301),[1] and jurisdiction is vested in the appellate court to hear the appeal of that final judgment upon the filing of a notice of appeal. (*E.g., In re Application of the County Treasurer & Ex-Officio County Collector of Cook County for Judgment and Order of Sale Against Real Estate Returned Delinquent for the Nonpayment of General Taxes for 1984* (1990), 208 Ill. App. 3d 561, 567 N.E.2d 486; *Danaher v. Knightsbridge Co.* (1978), 56 Ill. App. 3d 977, 372 N.E.2d 862.) "A final judgment is one which fixes absolutely and finally the rights of the parties in the lawsuit; it is final if it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment." *Nelson v. United Airlines, Inc.* (1993), 243 Ill. App. 3d 795, 799, 612 N.E.2d 980, 983.

■ The time for filing the notice of appeal is specified in Supreme Court Rule 303(a)(1) (134 Ill. 2d R. 303(a)(1)). That rule provides in relevant part:

"Except as provided *** below, the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the last pending post-trial motion." (134 Ill. 2d R. 303(a)(1).)

For purposes of Supreme Court Rule 303, an order or judgment is final if it terminates the litigation between the parties on the merits of the cause or disposes of the rights of the parties either upon the entire controversy or upon some definite part thereof. *E.g., Mars v. Priester* (1990), 205 Ill. App. 3d 1060, 563 N.E.2d 977; *Hernandez v. Fahner* (1985), 135 Ill. App. 3d 372, 481 N.E.2d 1004.

■ When a final judgment or order does not dispose of all matters presented to the court, Supreme Court Rule 304(a) governs. That rule states:

"If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. *** In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is

---

[1] Both notices of appeal filed by Towers stated that the appeals were being brought pursuant to Supreme Court Rule 303. It is Supreme Court Rule 301 that governs the appeals from final judgments. This incorrect citation would not have been fatal to our having jurisdiction to hear the appeals if they were in fact from final judgments.

not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." (134 Ill. 2d R. 304(a).)[2] A "claim" under the terms of Supreme Court Rule 304 has been defined as "any right, liability or matter raised in an action." (*Marsh v. Evangelical Covenant Church* (1990), 138 Ill. 2d 458, 465, 563 N.E.2d 459, 463.) *Marsh* further held that "[i]f an order does not resolve every right, liability or matter raised, it must contain an express finding that there is no just reason for delaying an appeal. Otherwise, the order is not appealable." 138 Ill. 2d at 465, 563 N.E.2d at 463.

■ A request for attorney fees is a claim within the meaning of Supreme Court Rule 304(a). This is so whether the fees are sought pursuant to statute, such as the entry of sanctions for false pleadings (*Marsh v. Evangelical Covenant Church*, 138 Ill. 2d at 467-68, citing Ill. Rev. Stat. 1987, ch. 110, par. 2—611 (now embodied in Supreme Court Rule 137)) or pursuant to a contract provision (*Mars v. Priester* (1990), 205 Ill. App. 3d 1060, 563 N.E.2d 977). (*Northern Trust Co. v. Upjohn Co.* (1991), 213 Ill. App. 3d 390, 572 N.E.2d 1030.) Although it may be filed after entry of judgment, a claim for attorney fees is not a post-trial motion within sections 2—1202 and 2—1203 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, pars. 2—1202, 2—1203 (now 735 ILCS 5/2—1202, 5/2—1203 (West 1992))) nor, even if viewed as a motion to modify the judgment, is it a post-trial motion "directed against the judgment" within the meaning of Supreme Court Rule 303(a). *Marsh v. Evangelical Covenant Church*, 138 Ill. 2d 458, 563 N.E.2d 459; *Servio v. Paul Roberts Auto Sales, Inc.* (1991), 211 Ill. App. 3d 751, 570 N.E.2d 662.[3]

Consequently, *if a trial court has jurisdiction* to hear a claim for

---

[2]Supreme Court Rule 304(a) was amended effective February 1, 1994, to provide that the written finding necessary for a Rule 304(a) appeal is "that there is no just reason for delaying either enforcement or appeal or both." Official Reports Advance Sheet No. 26 (December 22, 1993), R. 304(a), eff. February 1, 1994.

[3]*Marsh v. Evangelical Covenant Church* (1990), 138 Ill. 2d 458, 563 N.E.2d 459, did indicate that a motion seeking vacatur of a judgment denying a motion for fees that was presented as a counterclaim or as an additional claim for relief could be categorized as a section 2—1203 (Ill. Rev. Stat. 1987, ch. 110, par. 2—1203 (now 735 ILCS 5/2—1203 (West 1992))) post-trial motion. (*Marsh*, 138 Ill. 2d at 462-63, citing *Benet Realty Corp. v. Lisle Savings & Loan Association* (1988), 175 Ill. App. 3d 227, 529 N.E.2d 718; *Hernandez v. Fahner* (1985), 135 Ill. App. 3d 372, 481 N.E.2d 1004.) In this factual setting, *Marsh* stated that the motion to vacate or reconsider the denial of fees was

fees, any other judgment entered in the case before the claim for fees is ruled upon is or becomes nonfinal and nonappealable when the claim for fees is made, unless the prior judgment contains the language set forth in Supreme Court Rule 304(a), that there is no just reason to delay enforcement or appeal. *(Northern Trust Co. v. Upjohn Co.*, 213 Ill. App. 3d 390, 572 N.E.2d 1030.) Thus, any notice of appeal filed before or after the filing of a timely claim for fees is premature under Supreme Court Rule 301 while the claim for fees remains pending, and the appeal must be dismissed unless the otherwise final order being appealed from satisfies the requirements of Supreme Court Rule 304(a). See, *e.g., Marsh v. Evangelical Covenant Church*, 138 Ill. 2d 458, 563 N.E.2d 459 (notice of appeal filed after claim for statutory fees); *Pines v. Pines* (1994), 262 Ill. App. 3d 963, 635 N.E.2d 986 (notice of appeal filed before claim for statutory fees); *Rago Machine Products, Inc. v. Shields Technologies, Inc.* (1992), 233 Ill. App. 3d 140, 598 N.E.2d 332 (notice of appeal filed on same day as claim for statutory interest); *Gaynor v. Walsh* (1991), 219 Ill. App. 3d 996, 579 N.E.2d 1223 (notice of appeal filed before claim for statutory fees); *American National Bank & Trust Co. v. Bus* (1991), 212 Ill. App. 3d 133, 569 N.E.2d 1377 (notice of appeal filed after claim for statutory fees); *Servio v. Paul Roberts Auto Sales, Inc.* (1991), 211 Ill. App. 3d 751, 570 N.E.2d 662 (notice of appeal filed before claim for statutory fees); *SJS Investments, Ltd. v. La Salle National Bank* (1991), 210 Ill. App. 3d 228, 569 N.E.2d 49 (notice of appeal filed after claim for statutory fees); *Cashmore v. Builders Square, Inc.* (1990), 207 Ill. App. 3d 267, 565 N.E.2d 703 (notice of appeal filed after claim for statutory fees).

■ Applying the case law discussed above to the facts in the instant case, it is clear that Prince's request for attorney fees and costs was a "claim" within the meaning of Supreme Court Rule 304(a). Towers agrees that Prince's right to recover attorney fees and costs is a "claim." It also agrees that, because this claim was pending, the court's first judgment on February 6, 1991, awarding Prince

directed against the judgment within the meaning of Supreme Court Rule 303(a). This situation is distinguishable from the facts in *Marsh* and the cases cited in the text of the instant opinion, however, because in those cases the claim for fees was not pending at the time the judgments were entered and, therefore, the judgments did not reach nor rule on the claims for fees. Similarly, in the case at bar, Prince's supplemental fee petition filed on May 9, 1991, was not seeking a vacatur or reconsideration of the April 4, 1991, judgment for fees. The petition did not attack the April 4 judgment but, rather, sought to increase the amount of liability recognized in that judgment pursuant to fees and costs that accrued after that judgment was entered.

principal and interest, was not a final judgment. Tower argues, however, that the claim for attorney fees and costs was ruled upon with finality on April 4, 1991, when the trial court granted Prince fees and costs through March 21, 1991. Towers further argues that Prince was barred from bringing its supplemental petition for fees on May 9, 1991, because the court did not have jurisdiction to hear that petition since it was filed more than 30 days after the court's ruling on the last pending post-trial motion, which was May 8, 1991, and because the court was divested of jurisdiction over the case when Towers filed its notice of appeal on May 13, 1991.

It is our opinion that the April 4, 1991, judgment, which granted attorney fees and costs through March 21, 1991, was not a final judgment and that a final judgment for purposes of Supreme Court Rule 301 could not have been entered until Prince's claim for *all* attorney fees and costs incurred to enforce the settlement agreement, promissory note and guaranty had been adjudicated. This conclusion is based on the fact that the primary cause of action in the instant case is a breach of contract action. The terms of the contract, which were derived from a settlement agreement, promissory note and guaranty quoted earlier in this opinion, provided that if a breach occurred by Towers, Prince would be entitled to "all reasonable costs, fees and expenses incurred" to enforce the agreement.

In *Home State Bank/National Association v. Potokar* (1993), 249 Ill. App. 3d 127, 617 N.E.2d 1302, the court stated that a request for attorney fees pursuant to a contract constitutes a claim within the meaning of Supreme Court Rule 304(a). Quoting from *Mars v. Priester* (1990), 205 Ill. App. 3d 1060, 1064, 563 N.E.2d 977, which in turn cited to *Hernandez v. Fahner* (1985), 135 Ill. App. 3d 372, 481 N.E.2d 1004, the court stated:

> " 'The attorney fees claim meets all of the criteria set out in Rule 304(a). It is a matter involved in the action; it is a possible right of the plaintiff and a possible liability for defendant. [Citations.] Because the request for attorney fees and costs is a "claim" under Rule 304(a), it is not an issue incidental to the merits of the case.' "
> *Home State Bank/National Association*, 249 Ill. App. 3d at 137, 617 N.E.2d at 1309.

In *Home State Bank/National Association*, the plaintiff filed its complaint seeking recovery of amounts due under a promissory note executed by the defendant. The promissory note expressly provided that the defendant would pay reasonable attorney fees, costs and expenses incurred by the bank in the collection and enforcement of the note. The plaintiff bank requested an award of attorney fees and costs of suit in its complaint. The trial court entered judgment against

the defendant on April 15, 1991, in the amount of $29,170.72 plus interest, costs and attorney fees. The April 15 order did not specify the amount of attorney fees and costs nor did it expressly reserve jurisdiction over the matter of fees and costs or schedule further proceedings relative to fees and costs. (*Cf. Mars v. Priester*, 205 Ill. App. 3d 1060, 563 N.E.2d 977 (order set hearing date on issue of fees and costs); *Northern Trust Co. v. Upjohn Co.* (1991), 213 Ill. App. 3d 390, 572 N.E.2d 1030 (order expressly retained jurisdiction to hear claim for fees).) On May 26, 1992, more than one year later, the plaintiff bank filed a petition seeking a determination of the allowable amount of interest, attorney fees and costs awarded by the court in its order of April 15, 1991.[4] The defendant moved to strike the petition arguing that the trial court lacked jurisdiction to consider the request for attorney fees since more than 30 days had passed since the entry of the judgment. The trial court struck the bank's request for attorney fees, and the defendant cross-appealed from this order.

On appeal, the appellate court reversed the trial court and held that the trial court did have jurisdiction to determine the amount of attorney fees to which the bank was entitled. Since the trial court had ruled previously that the plaintiff was entitled to attorney fees, and although it did not set forth the amount or expressly reserve jurisdiction to determine the amount, the order finding liability was given the effect of reserving jurisdiction to determine the amount of that liability. The court in *Home State Bank* stated:

> "Indeed we believe that because the trial court awarded attorney fees and costs in its order of April 15, 1991, but failed to specify their amount, the order did not constitute a final judgment as to all claims in the case and was thus subject to modification prior to the entry of a final judgment. [Citation.]
>
> Where a judgment disposes of fewer than all claims and lacks a finding of no just reason to delay enforcement or appeal pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)), it is subject to revision before the entry of a judgment that does in fact adjudicate all claims and liabilities of the parties." *Home State Bank/ National Association*, 249 Ill. App. 3d at 136-37, 617 N.E.2d at 587.

---

[4]The time frame for which the plaintiff bank sought fees in *Home State Bank/ National Association v. Potokar* (1993), 249 Ill. App. 3d 127, 617 N.E.2d 1302, is not clear from that opinion. We do not know whether the petition for fees sought fees incurred through the date of the prior order of April 15, 1991, or whether fees were being sought through the time of the petition. Under the broad terms of the promissory note, the bank would have been entitled to *all* fees incurred to enforce that agreement.

While the facts in the instant case are not wholly identical to the facts in *Home State Bank/National Association*, we believe they warrant similar treatment. As in *Home State Bank*, the plaintiff in the case at bar filed a complaint seeking recovery of amounts due under a promissory note. The promissory note in both cases specifically provided that the defendant would pay reasonable attorney fees, costs and expenses incurred by the plaintiff in the collection and enforcement of the note. The complaints in both cases requested attorney fees and costs pursuant to the specified contractual provisions. The requests for fees and costs constituted claims within the meaning of Supreme Court Rule 304(a).

Moreover, as in *Home State Bank/National Association*, the trial court in the instant case held that Towers was liable under the contract for attorney fees and costs. In its judgment dated April 4, 1991, the trial court in the case at bar quoted provisions in the settlement agreement and guaranty which stated that Towers agreed to pay "*all* reasonable costs, fees and expenses incurred by Prince" (emphasis added) to enforce the settlement and guaranty. Unlike the order in *Home State Bank*, however, this order finding liability also included a partial judgment for fees and costs incurred by Prince up to March 21, 1991.[5] It cannot be said, however, that this judgment for fees and costs·up to March 21, 1991, was a judgment for *all* fees and costs incurred by Prince to enforce the settlement agreement, promissory note and guaranty. Thus, as in *Home State Bank*, the judgment of April 4, 1991, was interlocutory and nonfinal. As a result, Towers could not file a notice of appeal pursuant to Supreme Court Rule 301, and the trial court retained jurisdiction to hear subsequent petitions filed by Prince seeking fees and costs that accrued after March 21, 1991, and, in fact, could hear subsequent petitions seeking modification of any prior judgment, absent a Rule 304(a) finding in the prior judgments.

■ What distinguishes the instant case and *Home State Bank/National Association* from many of the cases cited by Towers is a clear distinction that exists between a petition for fees as a sanction pursuant to Supreme Court Rule 137 and the former section 2—611 of the Code of Civil Procedure and a petition for fees pursuant to a breach of contract action wherein the contract entitles a party to all fees and costs when enforcement of the contract is pursued. While both claims are considered to be part of the underlying cause of

---

[5]Prince's first petition for attorney fees and costs, which was filed on February 25, 1991, reserved the right to recovery of future fees and expenses in the event Towers pursued any post-trial or appellate relief.

action and must be brought as part of that action (*e.g., Marsh v. Evangelical Covenant Church*, 138 Ill. 2d 458, 563 N.E.2d 459), the former claim is a separate and distinct substantive theory for recovery in the underlying action whereas the latter is a claim recoverable under the substantive theory presented in the underlying action. This distinction affects the trial court's jurisdiction to hear each type of claim. With respect to a claim for fees as a sanction, the claim does not exist until the petition for fees is filed. The petition must be filed while the court has jurisdiction over the underlying action, and that period lapses upon the later of: the date final judgment on the underlying action is entered; 30 days after entry of that final judgment (*e.g., Marsh*, 138 Ill. 2d 458, 563 N.E.2d 459; *American National Bank & Trust Co. v. Bus* (1991), 212 Ill. App. 3d 133, 569 N.E.2d 1377; *SJS Investments, Ltd. v. La Salle National Bank* (1991), 210 Ill. App. 3d 228, 569 N.E.2d 49; *Cashmore v. Builders Square, Inc.* (1990), 207 Ill. App. 3d 267, 565 N.E.2d 703;); or 30 days after ruling on the last pending post-trial motion (*Gaynor v. Walsh* (1991), 219 Ill. App. 3d 996, 579 N.E.2d 1223). (Official Reports Advance Sheet No. 26 (December 22, 1993), R. 137, eff. February 1, 1994).)[6] Until the petition for fees is filed, the trial court has no jurisdiction to hear the matter; and if final judgment is entered in the underlying action and the above-mentioned time periods have expired, the trial court will have lost jurisdiction forever over the claim for fees.

■ Unlike a claim for fees as a sanction, however, the filing of a petition for attorney fees and costs pursuant to a breach of contract does not create the claim nor does it vest jurisdiction with the trial court to hear that claim. The claim is created when the complaint for breach of contract, seeking fees and costs as an element of damages, is filed. Once the complaint is filed, the trial court has jurisdiction over that claim; and once the court finds a breach and entitlement to attorney fees and costs as a result of that breach, the court retains jurisdiction to determine all amounts owed. *Home State Bank/ National Association v. Potokar*, 249 Ill. App. 3d 127, 617 N.E.2d 1302.

Towers argues that such a broad interpretation of a claim would never bring finality to this case so that an appeal could be taken.

---

[6]Rule 137 was amended, effective February 1, 1994, and, in effect, codifies the holding in *Gaynor v. Walsh* (1991), 219 Ill. App. 3d 996, 579 N.E.2d 1223. That rule now provides that motions for sanctions must be filed within 30 days of entry of final judgment or, if a post-judgment motion is timely filed, within 30 days of the ruling on that motion. Official Reports Advance Sheet No. 26 (December 22, 1993), R. 137, eff. February 1, 1994.

While it is true that Towers would be precluded from bringing an appeal pursuant to Supreme Court Rule 301, based on the existence of a final judgment, Towers would not be without recourse in terms of seeking review of the other claims that have been brought to finality. Towers could seek to modify the language of the prior orders to include a Rule 304(a) certification on the claims that have been finally adjudicated. (See *Pines v. Pines* (1994), 262 Ill. App. 3d 963, 635 N.E.2d 986 (a final judgment that becomes nonfinal upon the filing of a motion for sanctions must be "subsequently reactivated" with a Rule 304(a) finding after the motion for sanctions is filed; otherwise prior appeal is premature despite the existence of Rule 304(a) language which was contained erroneously in the order which was final when entered); *cf. American National Bank & Trust Co. v. Bus* (1991), 212 Ill. App. 3d 133, 569 N.E.2d 1377 (if final order erroneously contained a Rule 304(a) finding but subsequently became nonfinal upon the filing of a motion for sanctions, notice of appeal filed before motion for sanctions was not premature since the order appealed from contained the required Rule 304(a) certification).) Such an appeal would vest jurisdiction in the appellate court, while the trial court would retain jurisdiction over matters not involved in that appeal. The filing of a Rule 304(a) appeal serves only to deprive the circuit court of jurisdiction to modify the judgment appealed from or rule on matters of substance which are the subject of the appeal. See *American National Bank & Trust Co.*, 212 Ill. App. 3d 133, 569 N.E.2d 1377.

In addition to the foregoing conclusion that Prince's claim for attorney fees and costs had not been brought to finality because that claim was an integral part of Prince's general claim under the settlement contracts, and our reliance on *Home State Bank/ National Association* in support thereof, the jurisdiction of the trial court to hear petitions for fees and costs after April 4, 1991, can be supported by virtue of the trial court's affirmative retention of jurisdiction for that purpose. On May 8, after the court denied Towers' post-trial motion, discussion was had as to the amount of bond to set. Prince asked that the bond be set at an amount to include additional attorney fees and costs that had accumulated from March 22, 1991, and which would continue to accumulate through the appellate process. Prince's attorney also asked that the order of May 8, 1991, denying Towers' post-trial motion include a statement that the issue of fees remained before the trial court. The judge did not specifically rule on the request to include this language in its order of May 8,

1991, but, instead, told the attorney to bring another petition, and the attorney responded that he would.

Although the court's written order of May 8, 1991, did not include an express reservation of jurisdiction to rule on attorney fees and costs (see *Northern Trust Co. v. Upjohn Co.* (1991), 213 Ill. App. 3d 390, 397, 572 N.E.2d 1030, 1034 ("trial court's retention of jurisdiction [in the order] to hear such a claim makes any other judgment in the case nonfinal and nonappealable unless the language set forth in Rule 304(a) *** has been inserted")), such a reservation is implied from the court's oral pronouncements.[7] Further support for the

---

[7]Towers argues in its objections and memorandum of law in opposition to appellee's motion to dismiss appeal that the oral comments from the parties or trial judge not contained in the written order of the court have no effect. Towers cites two cases that interpreted Supreme Court Rule 272 (137 Ill. 2d R. 272), *O'Grady v. Cook County Sheriff's Merit Board* (1990), 204 Ill. App. 3d 258, 262, 561 N.E.2d 1226, 1229, and *In re Marriage of Dwan* (1982), 108 Ill. App. 3d 808, 815, 439 N.E.2d 1005, 1010.

Supreme Court Rule 272 provides in relevant part:

"If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by the judge *** the judgment becomes final only when the signed judgment is filed." (137 Ill. 2d R. 272.)

The Committee Comments to that rule indicate that "[t]he purpose of this rule is to remove any doubt as to the date a judgment is entered." (137 Ill. 2d R. 272, Committee Comments, at xiv.) Most of the cases we have reviewed that interpret Rule 272 all concern the trial court's ability to modify its oral pronouncements at any time before the judgment is reduced to writing, signed by the judge and entered. See, *e.g., People v. Mennenga* (1990), 195 Ill. App. 3d 204, 551 N.E.2d 1386; *In re Marriage of Dwan*, 108 Ill. App. 3d 808, 439 N.E.2d 1005; *In re Marriage of Ingrassia* (1986), 140 Ill. App. 3d 826, 489 N.E.2d 386; *In re Marriage of Parello* (1980), 87 Ill. App. 3d 926, 409 N.E.2d 461.

In *O'Grady*, the court examined the transcript of the trial court's oral pronouncement as well as the subsequent written order which appeared to be inconsistent. To the extent that they were inconsistent, the court relied on Supreme Court Rule 272 to hold that the oral pronouncements did not become binding and were not effective unless they appeared in the final written decree. *O'Grady* is distinguishable from the instant case because in *O'Grady*, both the written order and oral pronouncements were vague and inconclusive regarding the issue of whether the Cook County merit board had been revested with jurisdiction. Based on this lack of clarity, the court held that the board members could not be held in contempt of court for failure to follow the written order. In the instant case, however, the written order is silent as to the issue of jurisdiction. We do not believe that this silence

court's retention of jurisdiction over future claims for fees was the trial court's written order of May 31, 1991, which stated:

> "While the April 4, 1991 Memorandum Opinion does not expressly state that the trial court retained jurisdiction to hear and rule upon subsequent attorney fees and expenses [sic] petitions, this Court did address this issue in its Memorandum Opinion and finds that plaintiff is entitled to recover all reasonable attorney fees and expenses including the pursuit of fees and expenses in the future. It was always the understanding of this Court that it retained jurisdiction to hear and rule upon future petitions for attorney fees and expenses and this Court so finds."

Finally, even assuming, as Towers contends, that Prince's claim for fees became final on April 4, 1991, and that the trial court could not retain jurisdiction over future claims for fees, and further assuming that the court's attempt to retain jurisdiction was insufficient absent an express reservation in the written order, the case of *Gaynor v. Walsh* (1991), 219 Ill. App. 3d 996, 579 N.E.2d 1223, is directly on point to extend the trial court's jurisdiction to hear the petition for fees filed on May 9, 1991, and to dismiss appeal No. 91—1562 as premature. In *Gaynor*, the plaintiff filed a complaint against the defendant alleging wrongful transfer of partnership assets. On September 12, 1990, the trial court granted defendant's motion for summary judgment. On September 20, the plaintiff filed a post-trial motion to reconsider which was denied on November 15, 1990. None of the orders contained language pursuant to Supreme Court Rule 304(a). Plaintiff filed a notice of appeal on December 5, 1990. On December 10, 1990, within 30 days of the ruling on plaintiff's post-trial motion, the defendant filed a motion for attorney fees and costs pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137). A hearing was held on December 31, 1990, and the trial court granted defendant's motion and awarded attorney fees and costs on January 8, 1991.

The court in *Gaynor* held that the defendant's motion for Rule 137 sanctions filed on December 10 made plaintiff's December 5 notice of appeal premature since the November 15 order, from which the plaintiff was appealing, did not contain a Rule 304(a) finding. The court further held:

> "We also disagree with plaintiff's contention that under the *Marsh* decision defendant had to file his motion for sanctions within 30 days of the issuance of the summary judgment order or

_____

should be given the effect of denying the retention of jurisdiction when the oral pronouncements clearly imply an opposite conclusion.

alternatively before the trial court ruled on plaintiff's motion to reconsider. While section 2—611 at one time specified that motions had to be made within 30 days of judgment or dismissal (Ill. Rev. Stat. 1985, ch. 110, par. 2—611, repealed by Pub. Act 86—1156, eff. Aug. 10, 1990), Supreme Court Rule 137 (134 Ill. 2d R. 137) does not specify a time period for filing motions that request sanctions. And the court in *Marsh* specifically held that a Rule 137 motion is not a post-trial motion and is therefore not governed by Section 2—1203 of the Civil Practice Law (Ill. Rev. Stat. 1989, ch. 110, par. 2—1203 [now 735 ILCS 5/2—1203 (West 1992)] (allowing a 30-day filing period after judgment for post-trial motions)).

We hold that a Rule 137 motion may be filed at any time during which the trial court has jurisdiction, which extends 30 days past the date the last order or judgment was issued in the case. Ill. Rev. Stat. 1989, ch. 110, par. 2—1301(e) [now 735 ILCS 5/2—1301(e) (West 1992)] (trial court retains jurisdiction to set aside any final order or judgment for 30 days after entry thereof)." 219 Ill. App. 3d at 1002, 579 N.E.2d at 1226.[8]

■ In accordance with *Gaynor v. Walsh,* Prince's supplemental petition for fees would still have been a timely filed claim. The petition was filed on May 9, 1991, one day after the trial court's denial of Towers' post-trial motion, well within the 30-day period following that denial, and while the court retained jurisdiction to set aside any final judgment or order under section 2—1301(e) of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1301(e) (now 735 ILCS 5/2—1301(e)(West 1992))). Furthermore, since the May 9, 1991, claim for attorney fees and costs was timely filed, there was no final judgment from which a Rule 301 appeal could have been taken.

For all of the reasons stated above, we find that the notice of appeal filed by Towers on May 13, 1991, was premature and did not vest jurisdiction in this court pursuant to Supreme Court Rule 301. A final judgment had not been rendered when that notice was filed because a claim for attorney fees and costs was pending before the trial court which that court had jurisdiction to hear. Also, a Rule 304(a) appeal could not have been taken since the orders and

_____

[8]As noted in footnote 6, Supreme Court Rule 137 was amended and, in effect, codifies *Gaynor v. Walsh* (1991), 219 Ill. App. 3d 996, 579 N.E.2d 1223. Effective February 1, 1994, Rule 137 states that motions for sanctions must be filed within 30 days of entry of final judgment or, if a post-judgment motion is timely filed, within 30 days of the ruling on that motion. Official Reports Advance Sheet No. 26 (December 22, 1993), R. 137, eff. February 1, 1994.

judgments Towers appealed from did not contain the Rule 304(a) certification. Accordingly, case No. 91—1562 must be dismissed, and we are barred from reviewing its merits.

We also must dismiss, *sua sponte*, case No. 91—2231 for many of the reasons discussed above. Although at the time the notice of appeal in that case was filed, which was July 1, 1991, the trial court had entered two additional orders, neither of these orders brought finality to Prince's breach of contract action. The judgment entered on June 28, 1991, gave Prince additional fees and costs that accrued from March 22, 1991, through May 8, 1991. However, Towers' liability to Prince for all reasonable attorney fees and costs continues to accrue, and in accordance with *Home State Bank/ National Association v. Potokar* (1993), 249 Ill. App. 3d 127, 617 N.E.2d 1302, the trial court retains jurisdiction to hear that claim. See *Dayan v. McDonald's Corp.* (1984), 126 Ill. App. 3d 11, 466 N.E.2d 945 (trial court properly retained jurisdiction to award appellate fees and expenses based on section 2—611 award).

We realize that our holdings requiring dismissals of both appeals are rather harsh. The fact remains, however, that we are without jurisdiction to reach the merits of this case. To do otherwise would negate the importance of Supreme Court Rules 301, 303 and 304(a). We further wish to note, however, that if jurisdiction is subsequently perfected in this case by obtaining the trial court's belated certification pursuant to Supreme Court Rule 304(a), we would agree to take any subsequent appeal, timely filed, without additional briefs and argument with respect to the merits already presented to this court.

For the foregoing reasons, case Nos. 1—91—1562 and 1—91—2231 are dismissed.

Appeal No. 1—91—1562, dismissed.
Appeal No. 1—91—2231, dismissed.

MURRAY, P.J., and McNULTY, J., concur.