PEABODY COAL COMPANY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Michael J. McDonald, Appellee).

Fifth District (Industrial Commission Division) No. 5—98—0759WC

Opinion filed September 29, 1999.

394

Kevin M. Hazlett, of Brinker & Doyen, L.L.P., of Clayton, Missouri, for appellant.

T. Fritz Levenhagen, P.C., of Belleville, for appellee.

JUSTICE COLWELL delivered the opinion of the court:

Claimant, Michael J. McDonald, filed an application for adjustment of claim pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 1996)) for injuries sustained while in the employment of respondent, Peabody Coal Company. McDonald, a repairman, was injured on July 23, 1996, when he fell to the ground and injured his back while attempting to tighten a lug on a wheel of a shuttle car.

An arbitrator awarded claimant temporary total disability benefits of $453.33 per week for 14³/₇ weeks (see 820 ILCS 305/8(b) (West 1996)) and medical expenses of $4,729.99 (see 820 ILCS 305/8(a) (West 1996)). On review, the Industrial Commission (Commission) modified the award to reflect a section 8(j) credit (see 820 ILCS 305/8(j) (West 1996)) in respondent's favor in the amount of $4,532.72. In all other respects, the Commission affirmed the arbitrator's decision.

On February 6, 1998, respondent appealed to the circuit court of St. Clair County. On March 27, 1998, claimant filed in the circuit court a "Motion for Attorneys Fees and Sanctions of [*sic*] Frivolous Appeal." Relying on *Krantz v. Industrial Comm'n*, 289 Ill. App. 3d 447 (1997), claimant's motion requested the court to impose sanctions pursuant to Supreme Court Rule 137 (155 Ill. 2d R. 137). Claimant alleged that respondent's appeal to the circuit court was meritless since both the arbitrator and the Commission had already found in his favor. Claimant further alleged that the sole purpose of respondent's appeal was to harass him and to generate legal fees. Claimant's motion also requested sanctions pursuant to Supreme Court Rule 375(b) (155 Ill. 2d R. 375(b)) on the ground that respondent's appeal was improper. Claimant sought attorney fees, costs, and penalties. Alternatively, claimant requested a remand to the Commission for the imposition of penalties pursuant to sections 16 and 19(k) of the Act. 820 ILCS 305/16, 19(k) (West 1996).

On May 11, 1998, the circuit court issued an order providing: "The court will reserve ruling on [claimant's] motion for attorneys fees and sanctions until after oral arguments are heard pursuant to briefing schedule."

On October 20, 1998, the circuit court entered an order confirming the decision of the Commission. The circuit court found that the Commission's decision was not against the manifest weight of the evidence. The order did not dispose of claimant's March 27, 1998, motion.

On November 12, 1998, respondent filed a notice of appeal to this court. On appeal, respondent argues that the Commission's decision is against the manifest weight of the evidence because it failed to consider evidence that contradicted claimant's testimony as well as his proffered medical evidence.

■ Initially we note that even where no party raises the question, a reviewing court has a duty to consider *sua sponte* its jurisdiction and dismiss the appeal if it determines that jurisdiction is lacking. *A.O. Smith Corp. v. Industrial Comm'n*, 109 Ill. 2d 52, 54 (1985). The jurisdictional statement in respondent's brief states that its appeal is brought pursuant to Supreme Court Rules 22(g) and 301. 145 Ill. 2d R. 22(g); 155 Ill. 2d R. 301. Generally, we have jurisdiction to decide an appeal pursuant to Rule 301, which allows appeals from final judgments. See, *e.g.*, *Flynn v. Industrial Comm'n*, 302 Ill. App. 3d 695, 697 (1998); *Divittorio v. Industrial Comm'n*, 299 Ill. App. 3d 662, 665 (1998).

■ However, when a final judgment does not dispose of all matters presented to the court, Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) applies. Rule 304(a) provides, in pertinent part:

"If *** multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the *** claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both. *** In the absence of such a finding, any judgment that adjudicates fewer than all the claims *** is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." 155 Ill. 2d R. 304(a).

The term "claim" as used in Rule 304(a) means any right, liability, or matter raised in an action. *Marsh v. Evangelical Covenant Church*, 138 Ill. 2d 458, 465 (1990); *Ariola v. Nigro*, 13 Ill. 2d 200, 206 (1958).

■ A claim brought pursuant to Rule 137 is part of the civil action that gave rise to the claim and cannot be considered a separate action. *Marsh*, 138 Ill. 2d at 467-68 (discussing the applicability of Rule 304(a) to a request for attorney fees under section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—611, repealed by Pub. Act 86—1156, eff. Aug. 10, 1990), the predecessor of Rule 137). Thus,

no appeal may be taken from a final judgment where a Rule 137 claim remains pending absent a finding pursuant to Rule 304(a) that there is no just reason to delay enforcement or appeal. *Marsh*, 138 Ill. 2d at 468; see also *F.H. Prince & Co. v. Towers Financial Corp.*, 266 Ill. App. 3d 977 (1994); *Berger v. Matthews*, 216 Ill. App. 3d 942 (1991); *Cashmore v. Builders Square, Inc.*, 207 Ill. App. 3d 267 (1990).

■ Here, claimant filed a motion for sanctions pursuant to Rule 137 on March 27, 1998. Claimant's Rule 137 motion is a claim within the meaning of Rule 304(a). *F.H. Prince & Co.*, 266 Ill. App. 3d at 983. Moreover, claimant's motion for Rule 137 sanctions is part of the underlying action. 155 Ill. 2d R. 137. A review of the record reveals that the circuit court never entered an order disposing of claimant's Rule 137 motion. Moreover, the record does not indicate that claimant withdrew his motion. Thus, the motion remains pending. Since the circuit court judgment from which respondent appeals does not contain language stating that there is no just reason to delay enforcement or appeal, it is nonfinal and nonappealable pursuant to Rule 304(a). Therefore, we must dismiss respondent's appeal.

In conjunction with this appeal, claimant has filed with this court a motion for attorney fees and sanctions pursuant to Supreme Court Rule 375(b). We ordered that motion taken with the case. However, given our disposition of this appeal, we need not address claimant's motion.

Appeal dismissed.

McCULLOUGH, P.J., and RAKOWSKI, HOLDRIDGE, and RARICK, JJ., concur.