LAMAR WHITECO OUTDOOR CORPORATION, Plaintiff-Appellee, v. THE CITY OF WEST CHICAGO *et al.*, Defendants-Appellants.

Second District   No. 2—08—0020

Opinion filed October 8, 2009.

Russell W. Hartigan and Patrick H. O'Connor, both of Hartigan & O'Connor, P.C., of Chicago, for appellants.

John A. Simon and Arthur M. Scheller III, both of Drinker, Biddle & Reath, LLP, of Chicago, for appellee.

JUSTICE BURKE delivered the opinion of the court:

Plaintiff, Lamar Whiteco Outdoor Corporation, initiated an action that led to a permanent injunction barring defendant, the City of West Chicago (City), from enforcing an advertising ordinance against plaintiff. The ordinance remains in effect as to all other outdoor advertisers. The trial court ruled that plaintiff is eligible for attorney fees and costs as a "prevailing party" under section 1988 of the Civil Rights Act of 1991 (Act) (42 U.S.C. §1988 (2000)), but the court did not determine the amount of the award.

The City appeals, arguing that the award of fees and costs must be reversed because (1) plaintiff was not a "prevailing party" under the Act; (2) even if plaintiff was a prevailing party, any victory was *de minimis*; and (3) section 9—102 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/9—102 (West 2006)) does not prescribe attorney fees. We dismiss the appeal for lack of jurisdiction, on the ground that the order finding plaintiff eligible for fees is not appealable because it does not specify the amount of the award.

## FACTS

This action arose from a challenge to a City zoning ordinance that was amended on October 19, 1992, to ban certain commercial and noncommercial off-premises advertising structures, including all billboards. The ordinance as amended provided for a seven-year amortization period, or grace period, for removing nonconforming structures or making them compliant with the ordinance. The ordinance did not provide for the compensation of an individual who lost the right to display a sign.

Plaintiff alleged that it lawfully erected billboards before the City amended the ordinance to ban them. However, plaintiff did not challenge the ordinance until the expiration of the amortization period, when the City began enforcing the ban by issuing nontraffic citations (hereinafter, tickets).

Plaintiff filed a six-count complaint for declaratory judgment and injunctive relief. Count I alleged a violation of plaintiff's right to due process under the fifth and fourteenth amendments. Counts II and III alleged violations of the first amendment prohibition against limitations on the exercise of free speech. Count IV alleged that the ordinance was unconstitutionally vague. Count V alleged a violation of section 1983 of the Act (42 U.S.C. §1983 (2000)). Count VI alleged a violation of section 7—101 of the Eminent Domain Act (735 ILCS 5/7—101 (West 2002)). The prayer for relief on all six counts sought relief for violations of the United States Constitution and also sought attorney fees and costs.

The trial court dismissed counts V and VI on statute of limitations grounds. On appeal to this court, plaintiff argued that its claims did not accrue, and therefore the statute of limitations did not begin to run, until the amortization period expired. We agreed with plaintiff, holding that the section 1983 claim and the eminent domain claim accrued when the City issued the tickets. Because the complaint was filed within the applicable limitations period, we reversed the trial court's dismissal of the claims. *Lamar Whiteco Outdoor Corp. v. City of West Chicago*, 355 Ill. App. 3d 352 (2005).

On May 9, 2007, the trial court entered an order agreed upon by the parties. The order dismissed with prejudice the tickets issued against plaintiff and enjoined the City from enforcing the ordinance against plaintiff in the future. In exchange for the permanent injunction against the City, plaintiff agreed that the complaint would be dismissed with prejudice. The order stated that any party seeking an award of costs or attorney fees was required to file a petition on or before May 31, 2007. The order did not address the constitutionality of the ordinance.

Plaintiff timely filed a petition for attorney fees and costs. Plaintiff argued that, as a prevailing party on its section 1983 claim, it was entitled to fees and costs pursuant to section 1988 of the Act (42 U.S.C. §1988 (2000)). Plaintiff alleged that, from October 2002 to June 1, 2007, it had incurred $201,355 in attorney fees and $6,619 in costs. Section 1988(b) provides, in relevant part, that "[i]n any action or proceeding to enforce a provision of section[ ] *** 1983, *** the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. §1988(b) (2000).

On August 1, 2007, the trial court issued a written decision granting plaintiff "reasonable attorney fees" under section 1988 of the Act. The court found that plaintiff was a prevailing party because (1) the May 9, 2007, agreed order granted plaintiff a judicially sanctioned change in the legal relationship of the parties, and (2) plaintiff obtained a benefit that it had sought in bringing the suit. However, the court heard no evidence about what amount of fees is reasonable, and the court did not specify an amount to be awarded.

The City moved for reconsideration of the order, and the trial court denied the motion on December 5, 2007. As part of the denial, the court found that there was no just reason for delaying either enforcement or appeal or both. On December 31, 2007, the City filed a notice of appeal under Supreme Court Rule 304(a) (210 Ill. 2d R. 304(a)).

## ANALYSIS

On appeal, the City argues that plaintiff is not entitled to attorney fees or costs because (1) plaintiff is not a "prevailing party" under the Act; (2) even if plaintiff is a prevailing party, any victory it obtained was *de minimis*; and (3) section 9—102 of the Tort Immunity Act does not provide for attorney fees.

On our own motion, we directed the parties to supplement their appellate briefs with a more thorough analysis of our jurisdiction. After initially conceding appellate jurisdiction at oral argument, plaintiff concludes that the appeal should be dismissed for lack of jurisdiction. The City persists in its position that we have jurisdiction under Rule 304(a). We agree with plaintiff.

### A. Supreme Court Rules 301 and 303

Supreme Court Rule 301 provides that every final judgment of a circuit court in a civil case is appealable as of right. 155 Ill. 2d R. 301. Supreme Court Rule 303 (210 Ill. 2d R. 303) governs the timing of an appeal from a final judgment of the circuit court. Subsection (a)(1) of that rule provides that a notice of appeal must be filed within 30 days after the entry of the final judgment appealed from or, if a timely post-judgment motion directed against the judgment is filed, within 30 days after the entry of the order disposing of the last pending post-judgment motion. 210 Ill. 2d R. 303(a)(1). "A final judgment is a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit." *Big Sky Excavating, Inc. v. Illinois Bell Telephone Co.*, 217 Ill. 2d 221, 232-33 (2005). A judgment is final if it determines

the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with execution of the judgment. *In re Marriage of Ehgartner-Shachter*, 366 Ill. App. 3d 278, 283 (2006). The City filed the notice of appeal within 30 days of the denial of its motion to reconsider, but none of the trial court's orders is a "final judgment" under Rule 303(a)(1) because none specified the amount of the attorney fees and costs to which plaintiff is entitled. The judgment is not ready to be executed because the amount of the fees and costs has not been determined. We agree with plaintiff that the order denying the motion to reconsider would have been a final order only if the court had set an amount of the award rather than staying the "ultimate determination" until after the appeal.

In *Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737, 47 L. Ed. 2d 435, 96 S. Ct. 1202 (1976), the Supreme Court held that an order is not final if it finds the defendant liable but does not fix the amount of damages. *Wetzel*, 424 U.S. at 742, 47 L. Ed. 2d at 440, 96 S. Ct. at 1205 ("[plaintiffs] requested an injunction, but did not get one; they requested damages, but were not awarded any; they requested attorneys' fees, but received none"). In *Szabo v. United States Marine Corp.*, 819 F.2d 714 (7th Cir. 1987), the Seventh Circuit Court of Appeals relied on *Wetzel* and likened a finding of eligibility for attorney fees to a finding of liability for damages when, in each case, no dollar amount is determined. The *Szabo* court stated, "the judgment sought to be appealed includes an order to pay attorney's fees but no specification of the amount of fees to be paid, suggesting an analogy to the case where liability is determined but the quantification of damages is left for later determination—a classic example of a nonfinal order." *Szabo*, 819 F.2d at 717, citing *Wetzel*, 424 U.S. at 744, 47 L. Ed. 2d at 441-42, 96 S. Ct. at 1206. The *Szabo* court stated in *dicta* that "[c]learly, if the only order sought to be appealed was an order to pay attorney's fees in a not yet determined amount, *Wetzel* would require the dismissal of the appeal for lack of finality." *Szabo*, 819 F.2d at 717. The hypothetical mentioned in *Szabo* is precisely the situation presented here. The City is not appealing the underlying judgment but rather is appealing the limited finding of plaintiff's eligibility for attorney fees and costs. Consistent with the analogy drawn in *Szabo*, we agree with plaintiff that the finding that plaintiff is entitled to a not-yet-determined amount of attorney fees and costs is a nonfinal order similar to a finding of liability without a determination of damages. See *Szabo*, 819 F.2d at 717; see also *Rothert v. Rothert*, 109 Ill. App. 3d 911, 919 (1982) (when a trial court has not entered a final order determining the amount of attorney fees and costs, issues relating to such an award are not ripe for review).

## B. Supreme Court Rule 304(a)

The City asserts that "[t]his court has jurisdiction over this appeal because the order was a final judgment, pursuant to Supreme Court Rule 304(a) and the notice of appeal was filed within 30 days." Rule 304(a) provides, in pertinent part, that "[i]f multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." 210 Ill. 2d R. 304(a).

The trial court entered a written finding that the City could appeal the determination that plaintiff is eligible for attorney fees and costs. However, the court's finding that the order was "final and appealable" was insufficient to confer appellate jurisdiction under Rule 304(a). The inclusion of a Rule 304(a) finding in an order does not transform a nonfinal order into a final and appealable one. *In re Guardianship of J.D.*, 376 Ill. App. 3d 673, 677 (2007). Rule 304(a) language applies only to cases involving multiple claims, multiple parties, or both; and in those cases, it can be used to sever a final order as to one claim or party from other claims or parties. 210 Ill. 2d R. 304(a); *F.H. Prince & Co. v. Towers Financial Corp.*, 266 Ill. App. 3d 977, 982-83 (1994). The trial court's use of Rule 304(a) language in an order does not affect its finality. See *F.H. Prince*, 266 Ill. App. 3d at 982. Here, the parties settled all claims except the one for attorney fees and costs, and the City does not appeal any matter but the one that remains undetermined. The City does not wish to appeal any final order by severing it from the still-pending claim for attorney fees and costs, and therefore, the Rule 304(a) finding is completely superfluous. See *J.D.*, 376 Ill. App. 3d at 677.

For the preceding reasons, the appeal is dismissed for lack of jurisdiction.

Appeal dismissed.

McLAREN and O'MALLEY, JJ., concur.