NOTICE

Decision filed 04/02/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 200316-U

NO. 5-20-0316

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| TROY DAGEN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Shelby County. |
| | ) | |
| v. | ) | No. 18-CH-1 |
| | ) | |
| MILDRED L. DAGEN, Individually and as Trustee of the | ) | |
| Mildred L. Dagen Irrevocable Trust dated August 13, 2008, | ) | Honorable |
| | ) | Kimberly G. Koester, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE MOORE delivered the judgment of the court.
Justices Welch and Cates concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The defendant's appeal is dismissed for a lack of appellate jurisdiction because the order appealed is not final where the circuit court, by docket entry, granted the plaintiff's motion for summary judgment on the plaintiff's claim for breach of fiduciary duty but did not enter a judgment on the plaintiff's request for money damages, which included prejudgment interest and costs.

¶ 2    The defendant, Mildred L. Dagen, individually and as trustee of the Mildred L. Dagen Irrevocable Trust dated August 13, 2008, appeals the August 20, 2020, order of the circuit court of Shelby County, which granted summary judgment for the plaintiff, Troy Dagen, as to count III of his first amended complaint, which alleges a cause of action for breach of fiduciary duty. For the following reasons, we dismiss the appeal for a lack of appellate jurisdiction.

1

¶ 3                                    BACKGROUND

¶ 4      On March 19, 2018, the plaintiff filed a first amended complaint against the defendant in the circuit court of Shelby County, alleging that the defendant established an irrevocable trust in 2008 and that the defendant is the trustee of that trust. The complaint further alleges that, in 2016, the defendant transferred real estate held in trust out of the trust for inadequate or no consideration. Count I of the complaint requests an accounting based on the theory that the plaintiff was a contingent beneficiary of the trust, count II requested an accounting based on the theory that the plaintiff had a vested interest in the trust, and count III requested money damages for the defendant's alleged breach of fiduciary duty in transferring the real estate out of the trust for inadequate or no consideration. Subsequently, the circuit court granted the defendant's motion to dismiss count I. Counts II and III remained pending.

¶ 5      On February 26, 2020, the plaintiff filed a motion for summary judgment as to all counts of his complaint. In his motion for summary judgment as to count III, the plaintiff requested that the circuit court enter judgment against the defendant "in the amount of $123,500.00, plus prejudgment interest at the rate of 5% per annum from and after July 13, 2016, plus his costs, and for any other and such further relief as [the] [c]ourt deems just." The circuit court held a hearing on the plaintiff's motion for summary judgment on June 9, 2020, and took the motion under advisement. On June 11, 2020, the circuit court made the following docket entry:

     "This court had previously taken this matter under advisement in regard to Ct. III—motion

     for summary judgment. Now being more fully informed in the premises, finds as follows:

     1.) summary judgment may be entered if there are no material allegations in dispute; 2.) the

     evidence is clear that the trust that was created was an irrevocable trust and therefore

     subject to the modification requir[e]ments of 760 ILCS 3/411; 3.) there is no dispute that

2

the trustee transferred the entire assets of the trust out of the trust without the consent of all

of the beneficiaries and without proper consideration; 4.) there is no evidence that the

transfers were proper. *Therefore, summary judgment is proper as there are no issues in*

*dispute and the petitioner is entitled to judgment.* Clerk to notify all parties of said entry."

(Emphasis added.)

¶ 6    On July 13, 2020, the defendant filed a motion to reconsider the circuit court's order, as

well as a motion to clarify the order as to the status of count II of the complaint and to make a

finding that the case is final and appealable. On August 20, 2020, the circuit court held a hearing

on these motions. During the hearing, the plaintiff made an oral motion to voluntarily dismiss

count II of the complaint. The circuit court responded:

"If that is being withdrawn, I'll show Count II as being withdrawn by [the plaintiff] and

then I'll enter a ruling on Count III making it a final ruling. But before I grant or deny the

motion to reconsider I am going to review the file this morning and refresh my recollection

and make sure that that's how I want to proceed. I'll take it under advisement and I will

send a docket entry this morning or later today and you will both receive that."

¶ 7    The circuit court entered a docket entry the same day, stating, "[Court] denies motion to

reconsider ruling on summary judgment. Plaintiff moves to dismiss [count] 2 which requested an

accounting. Court finds that this ruling is final and appealable. Clerk to notify all parties of said

entry." On September 21, 2020, the defendant filed a notice of appeal.

¶ 8                                    ANALYSIS

¶ 9    "Appellate courts have a duty to consider, *sua sponte*, whether we have jurisdiction over

an appeal and to dismiss the appeal if jurisdiction is lacking." *In re Marriage of Mackin*, 391 Ill.

App. 3d 518, 519 (2009). Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) provides that every

3

final judgment in a circuit court in a civil case is appealable as of right. "A final judgment is a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit." *Big Sky Excavating, Inc. v. Illinois Bell Telephone Co.*, 217 Ill. 2d 221, 232-33 (2005). A judgment is final if it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with execution of the judgment. *In re Marriage of Ehgartner-Shachter*, 366 Ill. App. 3d 278, 283 (2006).

¶ 10 Here, the circuit court's June 11, 2020, docket entry states that the plaintiff is entitled to summary judgment as to count III of his complaint. However, the circuit court never actually entered judgment on count III, and did not specify the amount of damages it was awarding the plaintiff, nor whether it was granting the plaintiff's request for prejudgment interest and costs. An order that determines liability but does not quantify damages is a "classic example" of a nonfinal order. See *Lamar Whiteco Outdoor Corp. v. City of West Chicago*, 395 Ill. App. 3d 501, 505 (2009) (citing *Szabo v. United States Marine Corp.*, 819 F.2d 714, 717 (7th Cir. 1987), citing *Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737, 744 (1976)). In addition, following the circuit court's docket entry, count II of the plaintiff's complaint remained pending, further compromising the finality of the docket entry, because it did not contain a finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016). See *Waitcus v. Village of Gilberts*, 185 Ill. App. 3d 248, 250-51 (1989).

¶ 11 The circuit court's subsequent August 20, 2020, order reflects that the plaintiff had withdrawn count II of his complaint, and further states that the order is "final and appealable." However, a circuit court's finding that an order is "final and appealable" does not affect the finality of an order, and the inclusion of an Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) finding does not transform a nonfinal order into a final and appealable one. *Lamar Whiteco Outdoor Corp.*,

4

395 Ill. App. 3d at 506. Because the circuit court has not entered a judgment specifying the amount of damages it has awarded to the plaintiff, and has not ruled as to the plaintiff's request for prejudgment interest and costs, the circuit court's order is not final, and this court lacks appellate jurisdiction to review it on appeal.

¶ 12                                   CONCLUSION

¶ 13    For the foregoing reasons, we dismiss this appeal for a lack of jurisdiction.


¶ 14    Appeal dismissed.