FOURTH DIVISION

March 31, 2005

Nos. 1-04-0430, 1-04-0432 (consolidated)

LAURIE A. BRENTINE and KRISTA and LARRY HEILAND, ) Appeal from the

) Circuit Court of

Plaintiffs-Appellees, ) Cook County.

)

v. ) Nos. 03 M1 164351

)        03 M1 162506

DAIMLERCHRYSLER CORPORATION, ) 

) Honorable

Defendant-Appellant. ) Moira S. Johnson,

) Judge Presiding.

JUSTICE GREIMAN delivered the opinion of the court:

Plaintiffs, Laurie A. Brentine and Krista and Larry Heiland, each filed complaints for breach of warranty against defendant, DaimlerChrysler Corp.  Defendant presented settlement offers to each plaintiff, which they accepted and the circuit court enforced.  Defendant appeals, contending that plaintiffs did not accept the settlement offers according to the terms it had offered.  For the reasons that follow, we dismiss this appeal for lack of jurisdiction.

Plaintiffs each purchased vehicles manufactured by defendant in March 2001.  Each vehicle was covered by a 3-year/36,000-mile bumper-to-bumper warranty, and each manifested various defects soon after the date of purchase.  Plaintiffs attempted to have repairs effected at various defendant dealerships, but the vehicles remained in defective condition, prompting plaintiffs to revoke their acceptances of the vehicles.  They each filed suit alleging that defendant had breached both its express and implied warranties of merchantability, in violation of the Magnuson-Moss Warranty – Federal Trade Commission Improvement Act (15 U.S.C. § 2301 
et seq. 
(2000)).  

The Brentine Suit

In October 2003, defendant sent Brentine an offer of settlement with her choice of either a 7-year/75,000-mile service contract on her vehicle or a $5,000 cash payment (inclusive of attorney fees).  A few days later, defendant extended another offer of either the same service contract or a cash settlement of $7,500.  The offer letter provided that plaintiff was to indicate her acceptance by noting her choice in a blank space and sending the letter to defendant via facsimile, and that defendant would send a release for Brentine to sign after it had received her acceptance.  Brentine’s attorney indicated that she would accept the $7,500 cash payment and transmitted the acceptance to defendant.  Defendant then faxed its release form to Brentine’s attorney.  In response, Brentine’s attorney wrote that she was accepting defendant’s offer, but she desired that payment be issued in two separate checks, one in the amount of $5,000 for Brentine and the other in the amount of $2,500 for her attorney fee, and that she would sign the release upon receipt of the checks.  

On receiving Brentine’s letter, defendant returned it with a handwritten note indicating that it would not assent to Brentine’s terms of payment and that it would adhere to the initial terms of its offer.  Defendant sent its release to Brentine’s attorney on two subsequent occasions without response.  Brentine’s attorney drafted his own release, had Brentine execute it, and sent it to defendant via e-mail.  Defendant responded that the attached release was not the one it had sent and that payment would only ensue once Brentine executed the original release.  

The release drafted by defendant read as follows:

"In consideration of $7,500.00, inclusive of attorney fees and costs, I/we, Laurie A. Brentine, release Daimler/Chrysler Corporation, its subsidiaries and dealerships, from all known and unknown claims, damages, costs, fees, loss of services, personal injuries and property damage related to date to a 2001 Chrysler PT Cruiser (VIN#: 3C8FY4BBX1T630569).

I/We agree to indemnify and hold the above parties harmless from all further claims, costs or expenses relating to this claim.  I/We expressly agree that the only consideration I/We will receive is that listed above and that Daimler/Chrysler Corporation has made no other promises to me/us.  I/We accept the consideration listed above as full satisfaction of this claim.  Except as permitted by law, I/we agree not to talk about the details of this agreement and release to anyone.  I/We understand that all of the above parties deny any liability for this claim

I/We fully understand and freely sign this release.”

The release drafted by Brentine’s attorney read as follows:

"In sole consideration of Five Thousand Dollars ($5,000.00) to Plaintiff and Two Thousand Five Hundred Dollars ($2,500.00) for Plaintiff’s attorneys’ fees, I, Laurie Brentine, release DaimlerChrysler Corporation, its subsidiaries and dealerships, from all known and unknown claims, damages, costs, fees, loss of services, personal injuries and property damage related to 01 Chrysler PT Cruiser, (VIN: 3C8FY4BBX1T630569).

I agree to indemnify and hold the above parties harmless from all further claims, costs, or expenses relating to this claim.  I expressly agree that the only consideration I will receive is that listed above and that DaimlerChrysler Corporation has made no other promises to me.  I accept the consideration listed above as full satisfaction of this claim.  Except as permitted by law, I agree not to talk about the details of this agreement and release to anyone.  I understand that all the above parties deny any liability for this claim.

I fully understand and freely sign this release.”

After defendant had failed to remit payment within seven days of Brentine signing the release her attorney had drafted, Brentine moved for dismissal.  On November 21, 2003, the circuit court entered an order dismissing the matter and stating that the court would retain jurisdiction in the event that the parties failed to fulfill any agreed to conditions or pay the agreed settlement amount.  On November 24, 2003, Brentine filed a motion for turnover of the settlement proceeds and sanctions.  In its response, filed on December 18, 2003, defendant stated that it had reached a settlement agreement but that Brentine had not upheld her obligations under the agreement because her attorney had sought payment through separate checks and had drafted and executed his own release stating as such.  Defendant maintained that it was not required to tender payment because Brentine had not abided by the terms of the settlement offer and sought sanctions pursuant to Supreme Court Rule 137, arguing that her motion for turnover and sanctions was unnecessary.  155 Ill. 2d R. 137. 

The Heiland Suit

In the same month defendant extended its settlement offer to Brentine, it sent a letter to the Heilands, via facsimile, offering a settlement in the form of either a 7-year/75,000-mile service contract, a cash payment of $8,500 inclusive of attorney fees, or repurchase of their vehicle.  The offer letter stated that the Heilands could accept the offer by indicating their preference, signing the letter, and sending it back to defendant.  In response, the Heilands’ attorney, from the same firm that represented Brentine, sent his own letter purporting to accept the cash settlement offer and stating that the settlement would be memorialized, "[a]s [they had] discussed,” in the form of the Heilands receiving $6,250 and retaining ownership of their vehicle, and their attorney receiving a fee of $2,250, in two separate drafts.

The Heilands’ attorney also drafted a release, which stated as follows:

"In sole consideration of Six Thousand Two Hundred and Fifty Dollars ($6,250.00) to Plaintiffs and Two Thousand Two Hundred and Fifty Dollars ($2,250.00) for Plaintiffs’ attorneys’ fees , we, Larry and Krista Heiland, release DaimlerChrysler Corporation, its subsidiaries and dealerships, from all known and unknown claims, damages, costs, fees, loss of services, personal injuries and property damage related to 2001 Dodge Neon, (VIN: 1B3AS46F01D185776).  

We agree to indemnify and the above parties harmless from all further claims, costs or expenses relating to this claim.  We expressly agree that the only consideration we will receive is that listed above and that DaimlerChrysler Corporation has made no other promises to us.  We accept the consideration listed above as full satisfaction of this claim.  Except as permitted by law, we agree not to talk about the details of this agreement and release to anyone.  We understand that all the above parties deny any liability for this claim.

We fully understand and freely sign this release.”

The Heilands executed the release, sent it to defendant, and moved for dismissal.  On November 10, 2003, the circuit court entered an order dismissing the matter and stating that the court would retain jurisdiction in the event that the parties failed to fulfill any agreed to conditions or pay the agreed settlement amount.  Defendant subsequently sent the Heilands’ attorney a letter indicating that their release was not acceptable.  

On November 24, 2003, the Heilands filed a motion for turnover of the settlement proceeds and sanctions.  In its response, filed on December 18, 2004, defendant stated that the parties had not reached a settlement agreement because the Heilands never accepted defendant’s offer and had in effect rejected the terms of the offer and created their own counteroffer by drafting their own letter of acceptance as well as their own release.  Defendant argued that such actions were unilateral and indicated no meeting of the minds as to settlement and again sought Rule 137 sanctions arguing that the Heilands’ motion for turnover and sanctions was unnecessary and would cause needless increases in the cost of litigation.  155 Ill. 2d R. 137.

On January 12, 2004, during a combined hearing on both Brentine’s and the Heilands’ motions, the parties admitted that each party’s respective release, apart from the specific amounts to be paid to plaintiffs and the amounts to be paid to their attorneys, was identical to its counterpart as drafted by defendant.  The court granted both plaintiffs’ motions, finding that the amounts offered in each suit were the same as the amounts accepted by each plaintiff, even though plaintiffs’ attorneys requested separate payments, and ordered defendant to make the payments it had offered, in single checks if it so desired.

 Defendant filed emergency motions to vacate the trial court’s earlier dismissal orders, on February 4, 2004, as to Brentine, and on February 10, 2004, as to the Heilands.  During a combined hearing on defendant’s motions, held on February 10, 2004, defense counsel stated that defendant had filed the motions in order to clarify the record for appeal as to whether those orders were final.  The trial court denied the motion, finding that it could it not vacate the dismissal orders because it had already entered orders stating that the settlement agreements were enforceable.  Counsel then stated that he wanted to make clear that defendant had not agreed to the dismissal orders 

The same day of the hearing, defendant filed notices of appeal in the trial court, along with motions to stay enforcement of each judgment and to set bond.  This court consolidated the two cases and has taken single briefs from defendant and from plaintiffs.  

As a preliminary matter, we first address the ability of this court to consider this appeal.  Plaintiffs contend that this court is without jurisdiction in this matter because defendant failed to file notices of appeal within 30 days of the circuit court’s orders of dismissal of each case, pursuant to Supreme Court Rule 303(a)(1).  155 Ill. 2d R. 303(a)(1).  Plaintiffs argue that the circuit court’s orders of dismissal constituted the final orders in each case and that defendant was required to file its notice of appeal within 30 days of their issuance, by December 10, 2003, for the Heiland case, and by December 21, 2003, for the Brentine case.  Plaintiffs further argue that the court’s orders of enforcement are not appealable because they were not final orders and did not terminate the litigation.

Defendant counters that the trial court’s orders granting plaintiffs’ motions for turnover, not the orders granting voluntary dismissal, were the final judgments for purposes of filing notices of appeal and that it filed the respective notices in a timely manner.  Defendant points out that the court’s orders granting dismissal state that the court would retain jurisdiction in the event that the parties failed to execute necessary documents, fulfill agreed to conditions, or pay the agreed settlement.  Defendant argues that such language indicates that the court intended to retain jurisdiction for future determination of matters of substantial controversy, and that the orders of dismissal were thus not final judgments.  We disagree.

This court has a duty to consider its jurisdiction to decide an appeal, and to dismiss the appeal if it finds that jurisdiction is lacking.  
Ad-Ex, Inc. v. City of Chicago
, 207 Ill. App. 3d 163, 176 (1990).  Under Supreme Court Rule 301, parties are allowed appeals from final judgments as a matter of right.  155 Ill. 2d R. 301; 
Dubina v. Mesirow Realty Development, Inc.
, 178 Ill. 2d 496 (1997).  Once the trial court enters a judgment disposing of all the issues as to all the parties, such an order becomes final and appealable, and a party has 30 days either to file a notice of appeal or a postjudgment motion.  155 Ill. 2d R. 303(a)(1); 
Kral v. Fredhill Press Co.
, 304 Ill. App. 3d 988, 994 (1999).  

This court’s jurisdiction is limited to appeals from final judgments.  
In re Marriage of Verdung
, 126 Ill. 2d 542, 553 (1989).  A judgment or order is final for purposes of appeal if it disposes of the rights of the parties, either on the entire case or on some definite and separate part of the controversy, and, if affirmed, the only task remaining for the trial court is to proceed with execution of the judgment.  
Dubina
, 178 Ill. 2d at 502; 
Valdovinos v. Luna-Manalac Medical Center, Ltd.
, 307 Ill. App. 3d 528, 538 (1999).  This court has held that a dismissal order entered pursuant to a settlement agreement is a final and appealable order, relief from which requires timely filing of a motion to vacate.  
Kahle v. John Deere Co.
, 104 Ill. 2d 302, 307 (1984); 
Ad-Ex
, 207 Ill. App. 3d at 177.  An order granting a plaintiff’s motion to voluntarily dismiss an action without prejudice is final and appealable by the defendant, but not by the plaintiff, except to contest an order taxing costs.  
Smith v. P.A.C.E.
, 323 Ill. App. 3d 1067, 1073 (2001).  An appeal may be taken from a final judgment notwithstanding the fact that a motion for sanctions remains pending and unresolved.  
Valdovinos
, 307 Ill. App. 3d at 538-39.  

In this case, defendant did not file a motion to vacate the orders of dismissal entered on November 10 and November 21, 2003, until February 2004.  The only other motions defendant filed following the entry of the orders of dismissal were its responses to plaintiffs’ motions for turnover and sanctions, both filed on December 18, 2003.  In those motions, defendant argued that it was not required to tender settlement because plaintiffs had not abided by the terms of its offers and sought Rule 137 sanctions, but never explicitly moved for vacatur of the dismissal orders.  The dismissal orders explicitly state that "all matters in controversy have been resolved between the parties” and that the trial court would retain jurisdiction only in the event that the parties failed to execute necessary documents, fulfill agreed to conditions, or pay the agreed settlement.  On their faces, those orders appear final, as they purport to dispose of the rights of the parties and indicate that the only task remaining for the court is to proceed with execution of the judgment.  Accordingly, defendant would have been required to file notices of appeal or motions to vacate within 30 days of their issuance in order to vest this court with appellate jurisdiction or to maintain jurisdiction in the trial court.

In the alternative, defendant might have argued that, by continuing proceedings on each case beyond the 30-day deadlines for filing its notices of appeal, the trial court reasserted its jurisdiction over the matters through the doctrine of revestment.  Illinois law recognizes that even where a trial court loses jurisdiction 30 days after an order of dismissal, the parties may be deemed to have revested the court with jurisdiction by continuing their voluntary participation in the proceedings.  
Revestment occurs where the parties continue to participate actively without objection in further proceedings inconsistent with the prior order of dismissal.  
Ad-Ex
, 207 Ill. App. 3d at 177-78.  Conduct that is inconsistent with a dismissal order is any which can be construed as an indication that the parties do not view the order as final and binding.  
Ad-Ex
, 207 Ill. App. 3d at 178.   Revestment does not apply where the parties participate in a postjudgment hearing but the hearing does not concern the judgment’s merits and the participants do not ignore the judgment and begin to retry the case, thereby implying consent to have the judgment set aside.  
Vulcan Metal Products, Inc. v. Schultz
, 180 Ill. App. 3d 67, 71-72 (1989).    

The motions filed in the nearest proximity to the dates of the orders of dismissal were plaintiffs’ motions for turnover and sanctions for failing to tender an offered settlement.  Defendant filed responses, but no motions of its own contesting the merits of the orders of dismissal.  While defendant may not have regarded the dismissal orders as final or enforceable, plaintiffs certainly proceeded as if they were.  

Defendant did not file motions to vacate the dismissal orders until February 4, 2004, as to Brentine, 75 days after the order of dismissal was entered, and until February 10, 2004, as to the Heilands, 90 days after that order of dismissal was entered.  At the hearing on defendant’s combined emergency motions to vacate, plaintiffs’ counsel barely participated and when he did so maintained that the orders of dismissal were final and that plaintiffs had been seeking enforcement of the settlement agreements ever since their entry.  While plaintiffs never explicitly objected to the trial court maintaining jurisdiction over their cases, their conduct following the orders of dismissal indicates that they regarded those orders as final.  The only further proceedings they initiated were for enforcement and sanctions, conduct indicative of a belief that the dismissal orders were final.  Furthermore, while defendant may not have believed the orders were final, it only filed motions stating so well beyond the 30-day deadlines under Rule 303.  

Therefore, we conclude that the dismissal orders were final orders for purposes of Rule 303 and that trial court was not revested with jurisdiction by the proceedings that followed the orders’ entry.  Accordingly, we find that we are without jurisdiction to consider the merits of this appeal and grant plaintiffs’ motion for dismissal.

Appeal dismissed.

THEIS and QUINN, JJ., concur.