# Illinois Official Reports

## Appellate Court

---

### *Tressler, LLP v. Schwartz*, 2019 IL App (1st) 172367

---

| | |
|---|---|
| Appellate Court Caption | TRESSLER, LLP, Plaintiff-Appellee, v. MICHAEL SCHWARTZ, Defendant-Appellant. |
| District & No. | First District, Fourth Division<br>Docket No. 1-17-2367 |
| Filed<br>Rehearing denied | March 7, 2019<br>April 4, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 14-M1-146865; the Hon. Mary Kathleen McHugh, Judge, presiding. |
| Judgment | Appeal dismissed. |
| Counsel on Appeal | Michael Schwartz, of Burr Ridge, appellant *pro se*.<br><br>Gregory J. Abbot, of Downers Grove, for appellee. |
| Panel | JUSTICE BURKE delivered the judgment of the court, with opinion.<br>Presiding Justice McBride and Justice Reyes concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant Michael Schwartz appeals the trial court's entry of judgment in favor of plaintiff law firm, Tressler, LLP (Tressler), following a bench trial in Tressler's breach of contract action against Schwartz for failure to pay legal fees pursuant to a written fee agreement. On appeal, Schwartz, who proceeded *pro se* in the circuit court and before this court, contends that (1) the circuit court had jurisdiction to review his motion to vacate the circuit court's order, (2) the court should have found the order void due to violation of the bankruptcy stay, and (3) the circuit court abused its discretion with respect to evidentiary rulings at trial. For the reasons that follow, we find we lack jurisdiction in this matter and dismiss Schwartz's appeal.

¶ 2                                    I. BACKGROUND

¶ 3    Tressler instituted a breach of contract action against Schwartz alleging that the parties entered into a written attorney fee agreement for Tressler to represent Schwartz in a dispute between him and his former employer, Barclays Capital, Inc., before the Financial Industry Regulatory Authority (FINRA). Tressler asserted that it had performed a total of $83,573.43 in hourly work and was owed a balance of $27,475.93 under the fee agreement. Tressler withdrew from the representation and sought the unpaid attorney fees due under the contract. Its complaint also requested fees and costs incurred in pursuing the breach of contract matter as allowed under the written agreement.

¶ 4    Tressler filed a motion on August 4, 2015, to stay the matter due to Schwartz's pending federal bankruptcy proceeding. The circuit court granted the motion. On November 6, 2015, Tressler filed a motion to remove the stay after the Seventh Circuit dismissed Schwartz's bankruptcy, and the circuit court granted the motion on November 23, 2015.

¶ 5    Schwartz filed an appearance on December 11, 2015. He also filed a motion to dismiss under section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2014)). Schwartz asserted that the parties orally agreed to cap attorney fees at $60,000, that he paid a $15,000 retainer in addition to $56,097.50 in attorney fees, for a total of $71,097.50, and that he did not owe any further amounts.

¶ 6    The trial court denied the motion to dismiss. Schwartz filed an answer and affirmative defenses, and the parties proceeded with discovery. The circuit court set a trial date of August 28, 2017, and ordered the parties to exchange all documents to be used at trial on or before July 5, 2017.

¶ 7    On July 17, 2017, Schwartz filed a motion to suppress documents not exchanged by the July 5, 2017, deadline. Schwartz asserted that Tressler failed to deliver to him all the documents it intended to use at trial on or before July 5, 2017. Schwartz indicated that Tressler placed the documents in the mail on July 5, and he received them on July 6. The circuit court denied the motion, without prejudice. Schwartz reiterated this argument in an oral motion *in limine* before the bench trial began on August 28, 2017, but the court again denied his motion.

¶ 8    The case proceeded to a bench trial on August 28, 2017. According to the bystander's report later approved by the circuit court at Schwartz's request, Kenneth Sullivan, a Tressler attorney, testified at trial as a witness for Tressler that he "had not entered into any verbal agreement with defendant whereby fees would be capped at any amount." On

cross-examination, Sullivan testified that he received a $15,000 retainer fee from Schwartz, but he denied any verbal contract with Schwartz to cap fees at $60,000. Schwartz attempted to question Sullivan regarding e-mails from Jonathan Feinstein, an associate at Tressler, but the trial court sustained Tressler's objection on grounds that the e-mails were hearsay. Tressler presented the testimony of its accountant, Daniel King, who reviewed billing records. Defendant did not call any witnesses. In closing arguments, Tressler argued that its accounting documents and the written attorney fee contract showed the amounts that were paid and those that were still due. Schwartz argued that there was an oral contract to cap fees at $60,000, and that he had fulfilled this obligation. The bystander's report recites that "[n]o written or oral evidence was introduced that there was a [*sic*] oral contract."

¶ 9 The circuit court found in favor of Tressler on its breach of contract claim. The court found that there was no evidence of an oral contract and that there was sufficient evidence introduced to establish that a balance was owed to Tressler under the written contract. The circuit court entered judgment on August 28, 2017, for Tressler in the amount of $27,475.93, with costs of $536. In addition, the circuit court awarded Tressler "its attorney fees in this matter." The form order contained several written notations, referencing the schedule for Tressler to submit a bill of particulars regarding fees and costs, with a future hearing date on those fees of November 13, 2017. The form order had a box checked which stated, "Order Final and Appealable."

¶ 10 Within 30 days of the judgment order, Schwartz filed a notice of appeal on September 27, 2017, stating that he was appealing from the "final order of August 28, 2017." The notice of appeal stated that Schwartz was appealing the order of the same date denying his pretrial verbal motion to suppress evidence, and the July 31, 2017, order denying his motion to suppress evidence. On the same day as Schwartz filed a notice of appeal, Tressler filed a motion requesting leave to file a bill of particulars, which requested $20,375 for attorney fees associated with pursuing the claim against Schwartz.

¶ 11 On November 15, 2017, Schwartz filed a motion to vacate the August 28, 2017, judgment pursuant to section 2-1301 (735 ILCS 5/2-1301 (West 2016)). Schwartz asserted that in reviewing Tressler's bill of particulars and itemized billing, he discovered that Tressler had violated the federal bankruptcy stay when, between the dates of May 6 and June 1, 2015, Tressler engaged a special process server, drafted a motion and a second alias summons, and attended court to present the same. Schwartz asserted that these collection actions violated the bankruptcy stay and rendered the judgment void. Schwartz asserted that the sole alias summons served on him was dated June 1, 2015, during the stay, and Tressler failed to exercise reasonable diligence to obtain service upon Schwartz after the stay was lifted. Additionally, Schwartz argued that the circuit court retained jurisdiction to rule on his motion to vacate, even though he filed it more than 30 days after entry of the August 28 order because Schwartz did not discover the stay violation until reviewing Tressler's bill of particulars.

¶ 12 On January 17, 2018, the circuit court entered an order awarding Tressler attorney fees in the amount of $22,650. With respect to Schwartz's motion to vacate, the court's order provided that it "makes no ruling *** due to Schwartz having filed an appeal." In addition, per Schwartz's request, the court certified his bystander's report.

¶ 13 II. ANALYSIS

¶ 14 Although appellant has raised several issues, the only issue which we will address is whether this court has jurisdiction. Schwartz appeals under Illinois Supreme Court Rule 301

(eff. Feb. 1, 1994) and Rule 303 (eff. July 1, 2017). Under Rule 301, "[e]very final judgment of a circuit court in a civil case is appealable as of right. The appeal is initiated by filing a notice of appeal. No other step is jurisdictional." Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). Rule 303(a)(1) requires that "[t]he notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from." Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). Schwartz filed his notice of appeal within 30 days of the August 28, 2017, order on September 27, 2017.

¶ 15    The form judgment order of August 28, 2017, awarding Tressler $27,475.93 plus $536 in costs also stated that Tressler was awarded attorney fees. The court gave dates upon which Tressler and Schwartz needed to file the petition for fees as well as the response. Further, the court set a future hearing date to determine the remaining fee issue. The form had a box which was checked stating, "Order Final and Appealable."

¶ 16    The initial question, then, is whether this was a final judgment. We find that the August 28, 2017, order was not a final, appealable order. "A judgment or order is final for purposes of appeal if it disposes of the rights of the parties, either on the entire case or on some definite and separate part of the controversy, and, if affirmed, the only task remaining for the trial court is to proceed with execution of the judgment." *Brentine v. DaimlerChrysler Corp.*, 356 Ill. App. 3d 760, 765 (2005).

¶ 17    The August 28, 2017, order found in favor of Tressler on the breach of contract claim and awarded Tressler $27,475.93, in damages and $536 in costs. It further ordered that Tressler was awarded attorney fees incurred in pursuing the matter. Thus, the order made a final determination on the breach of contract claim, but it did not determine the amount of attorney fees that Schwartz owed for Tressler's pursuit of the claim. The order set forth a schedule for submission of a bill of particulars, a response, and a hearing date on the attorney fees issue.

¶ 18    "In determining whether an order that does not resolve a claim for fees constitutes a final, appealable order, 'courts have made a distinction between a claim for fees brought as part of the principal action and a claim made after the principal action has been decided.' " *Goral v. Kulys*, 2014 IL App (1st) 133236, ¶ 22 (quoting *In re Estate of Kunsch*, 342 Ill. App. 3d 552, 556 (2003)). "Where 'a proceeding for attorney fees is within and a part of the underlying civil action, the issue must be resolved before the action becomes appealable.' " *Id.* (quoting *Kunsch*, 342 Ill. App. 3d at 556). Tressler's complaint asserted that the contract obligated Schwartz to pay legal fees and costs associated with collection efforts. Because the attorney fee issue here was part of Tressler's claim and remained pending, the August 28, 2017, order did not constitute a final appealable order. It did not dispose of all of the issues involved. It could not be said that the only task which remained was merely "execution of the judgment." See *Brentine*, 356 Ill. App. 3d at 765. Therefore, the August 28 order did not dispose of all of Tressler's claims, and could not be a final and appealable order under Rule 301.

¶ 19    The only way for Schwartz's notice of appeal to be timely would have been pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016), which states that a party may take an appeal "from a final judgment as to one or more but fewer than all of the *** claims only if the trial court has made *an express written finding that there is no just reason for delaying either enforcement or appeal or both*." (Emphasis added.)

> "*[I]f a trial court has jurisdiction* to hear a claim for fees, any other judgment entered in the case before the claim for fees is ruled upon is or becomes nonfinal and nonappealable when the claim for fees is made, unless the prior judgment contains the

language set forth in Supreme Court Rule 304(a), that there is no just reason to delay enforcement or appeal." (Emphasis in original.) *F.H. Prince & Co. v. Towers Financial Corp.*, 266 Ill. App. 3d 977, 983-84 (1994).

The form judgment order that defendant appeals from has a checked box, which states "Order Final and Appealable," with no additional notations. This is insufficient to confer jurisdiction under Rule 304(a). Rule 304(a) allows an appeal from an order that fails to dispose of all claims only if the trial court has made an express written finding that there is no just reason for delaying the enforcement or appeal of the order. See *id.* Because the August 28 order contained no such notation, language, or express written finding, the notice of appeal was premature and does not give us jurisdiction.

¶ 20    We conclude that the judgment became final the following year when the circuit court entered the January 17, 2018, order awarding Tressler $22,650 in attorney fees. This order disposed of all the rights and claims of the parties and the only task remaining was execution of the judgment. See *Brentine*, 356 Ill. App. 3d at 765.

¶ 21    Schwartz has taken contradictory positions with respect to whether the August 28, 2017, order was the final and appealable order. In his notice of appeal and in his motion to vacate filed in the trial court, he asserted that the August 28, 2017, order was the final and appealable order. On appeal, he contends that the August 28, 2017, order became final and appealable when the trial court entered the January 17, 2018, order and retroactively rendered his notice of appeal effective. Schwartz argues that, under Illinois Supreme Court Rule 303(a)(2) (eff. July 1, 2017), his notice of appeal filed on September 27, 2017, became effective upon entry of the January 17, 2018, order.

¶ 22    We disagree. A prematurely filed notice of appeal may be proper if there is an attack on the judgment filed within 30 days, meaning Schwartz would have had to file his section 2-1301 motion within 30 days of the final judgment of January 17, 2018. See *A.M. Realty Western L.L.C. v. MSMC Realty, L.L.C.*, 2016 IL App (1st) 151087, ¶¶ 75-78. Schwartz filed what was purported to be a section 2-1301 motion attacking the August 28 order, on November 15, 2017. A Section 2-1301 motion to vacate a *final order or judgment* must be filed within 30 days of entry of the order. 735 ILCS 5/2-1301(e) (West 2016). However, because this was not a final judgment, this motion was not an attack on the final judgment; it was, in essence, a motion to reconsider an interlocutory order on the judgment amount that was entered in August. Schwartz also did not attempt to file this motion again when the actual final judgment was entered in January 2018. If he had done so, and the court denied the motion, the judgment then becomes final, and the notice of appeal then becomes effective. Schwartz failed to file a timely motion attacking the judgment in order to take advantage of this rule. The only way to toll the time for filing an appeal from a final judgment under Rule 303(a)(2) is to file a *timely* postjudgment motion attacking the final judgment that was entered in January, not August. Thus, the circuit court and this court lack jurisdiction to consider it. See *Northern Illinois Gas Co. v. Midwest Mole, Inc.*, 199 Ill. App. 3d 109, 114 (1990) ("A post-judgment motion to vacate must be actually filed within 30 days of the entry of judgment for the trial court to have jurisdiction to consider it."). Rule 303(a)(2) requires that such postjudgment motions be "timely" filed in order to take advantage of the delayed effectiveness of a premature notice of appeal. Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017). " 'To vest the appellate court with jurisdiction a party must file a notice of appeal within 30 days after entry of the judgment appealed from, or within 30 days after entry of an order disposing of a *timely* post-[judgment]

motion.' " (Emphasis in original.) *Goral*, 2014 IL App (1st) 133236, ¶ 20 (quoting *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536, 538 (1984)).

¶ 23                                    III. CONCLUSION

¶ 24          For the reasons stated, this court is without jurisdiction and we dismiss this appeal.

¶ 25          Appeal dismissed.