2020 IL App (1st) 190464-U
Order filed: November 20, 2020

FIRST DISTRICT
FIFTH DIVISION

No. 1-19-0464

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, N.A., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff and Counterdefendant-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2011 CH 8487 |
| | ) | |
| JOSE C. BALMADRID, a/k/a Jose Balmadrid, a/k/a Jose | ) | Honorable |
| Cabrera Balmadrid; CARMELITA M. BALMADRID | ) | Freddrenna M. Lyle, |
| a/k/a Carmelita Balmadrid; CHICAGO REALTY, LTD. | ) | Judge, presiding. |
| IL., f/k/a Century 21 Orion, f/k/a Chicago Realty, Inc.; | ) | |
| CHICAGO TITLE AND TRUST COMPANY, as trustee; | ) | |
| THE STATE OF ILLINOIS; THE UNITED STATES OF | ) | |
| AMERICA; NEW CINGULAR WIRELESS | ) | |
| SERVICES, INC., a/k/a AT&T WIRELESS; CAPITAL | ) | |
| ONE BANK (USA), N.A., f/k/a Capital One Bank; MB | ) | |
| FINANCIAL BANK, as a possible successor in interest to | ) | |
| Broadway Bank; UNKNOWN OWNERS and | ) | |
| NONRECORD CLAIMANTS, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| (Jose Balmadrid, | ) | |
| | ) | |
| Defendant and Counterplaintiff-Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Safeguard Properties, LLC, | ) | |
| | ) | |
| Counterdefendant). | ) | |

_____

JUSTICE ROCHFORD delivered the judgment of the court.
Justice Hoffman and Justice Cunningham concurred in the judgment.

### ORDER

*Held*:  Appeal dismissed, where this court lacks jurisdiction to consider most of the issues raised by appellant and the remaining issue is moot.

¶ 1      On appeal, defendant and counterplaintiff-appellant, Jose Balmadrid, raises several challenges to orders entered by the circuit court in this foreclosure action. For the following reasons, we dismiss this appeal for a lack of jurisdiction and pursuant to the mootness doctrine.[1]

¶ 2      Defendant-counterdefendant, JPMorgan Chase Bank, N.A. (Chase), filed this mortgage foreclosure action on March 4, 2011. Therein, Chase alleged that it was successor in interest to a 1992 mortgage and note with respect to a property located in Morton Grove, Illinois. In 1995, Balmadrid and his wife had assumed the obligations of that mortgage and note pursuant to an assumption agreement with the prior holder of the mortgage and note. In October 2010, Balmadrid and his now ex-wife defaulted on the mortgage and note.

¶ 3      Years of litigation followed in the circuit court. Of importance here, that litigation included a number of counterclaims filed by Balmadrid against Chase and counterdefendant, Safeguard Properties, LLC. Ultimately, the circuit court dismissed all of Balmadrid's counterclaims in an order entered on March 6, 2018. Thereafter, a judgment of foreclosure and sale was entered in favor of Chase on July 18, 2018. Balmadrid's motion to reconsider that order was denied in a written order entered on December 3, 2018, with a more detailed memorandum opinion entered on January 9, 2019.

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order stating with specificity why no substantial question is presented.

¶ 4      On January 29, 2019, Balmadrid filed a motion seeking a preliminary injunction preventing the judicial sale of the property, scheduled for February 14, 2019. On February 1, 2019, Balmadrid filed essentially the same motion seeking the same relief, now labeled as an "Emergency Motion." On February 6, 2019, Balmadrid filed an emergency motion seeking a temporary restraining order preventing the judicial sale. Balmadrid's motions were denied in an order entered on February 13, 2019. Although not reflected in the record on appeal, it is undisputed by the parties that the judicial sale of the property has not yet occurred due to an automatic stay imposed due to Balmadrid's federal bankruptcy filings.

¶ 5      Balmadrid filed a notice of appeal on March 5, 2019, wherein he specifically sought review of the February 13, 2019, order denying his motions for a preliminary injunction and a temporary restraining order. More generally, the notice of appeal also sought "reversal of the Circuit Court's Order, reinstatement of his Complaint, and remand to the Circuit Court for further proceedings."

¶ 6      As noted above, we dismiss this appeal for a lack of jurisdiction and pursuant to the mootness doctrine.

¶ 7      First, Balmadrid raises a challenge to the March 6, 2018 dismissal of his counterclaims. Arguably, this would be improper where his notice of appeal did not specifically reference this order in his notice of appeal, but rather vaguely sought "reinstatement of his Complaint." See *JP Morgan Chase Bank, N.A. v. Bank of America, N.A.*, 2015 IL App (1st) 140428, ¶ 23 ("the notice confers jurisdiction on the reviewing court to consider only the judgments or pertinent parts specified therein."). Even assuming that his notice of appeal can be read to include this argument, we do not have jurisdiction to review the March 6, 2018, order.

¶ 8      Except as specifically provided by the Illinois Supreme Court Rules, this court only has jurisdiction to review final judgments, orders, or decrees. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994), *et*

*seq*.; *Almgren v. Rush–Presbyterian–St. Luke's Medical Center*, 162 Ill. 2d 205, 210 (1994). "A judgment or order is final for purposes of appeal if it disposes of the rights of the parties, either on the entire case or on some definite and separate part of the controversy, and, if affirmed, the only task remaining for the trial court is to proceed with execution of the judgment." *Brentine v. DaimlerChrysler Corp.*, 356 Ill. App. 3d 760, 765 (2005). However, even a final judgment or order is not necessarily immediately appealable. Illinois Supreme Court Rule 304(a) (eff. March 8, 2016) provides:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both. *** In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties."

¶ 9 Here, even if we were to consider the March 6, 2018 to be a final order with respect to Balmadrid's counterclaims, it was clearly final as to fewer than all of the parties or claims at issue below. Moreover the circuit court did not make a finding with respect thereto that there was no just reason for delaying either enforcement or appeal or both, pursuant to Illinois Supreme Court Rule 304(a) (eff. March 8, 2016). In the absence of such a finding, the circuit court's order was not enforceable or appealable and remains subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties below. *Id*. As such, we have no jurisdiction to review it.

¶ 10    Second, Balmadrid's notice of appeal, filed March 5, 2019, seeks review of the February 13, 2019, denial of his motion for a temporary restraining order. However, Illinois Supreme Court Rule 307(d)(1) (eff. Nov. 1, 2017) specifically requires that—with respect to appeals from the denial of a temporary restraining order—a notice of interlocutory appeal must be filed in the circuit court within two days of the entry of such an order. Because Balmadrid failed to comply with this requirement we must dismiss this portion of his appeal, as "[a]bsent a timely notice of appeal, our only recourse is to dismiss the appeal for lack of jurisdiction." *Pro Sapiens, LLC v. Indeck Power Equipment Co.*, 2019 IL App (1st) 182019, ¶ 50.

¶ 11    Third, in his appellate briefs Balmadrid also seeks review of the judgment of foreclosure and sale entered in favor of Chase. However, because this order was not included in his notice of appeal, we have no jurisdiction to review it. See *supra*, ¶ 6. Even if this order was included in the notice of appeal, it is well settled that—unless a circuit court entered a finding pursuant to Rule 304(a)—a judgment ordering the foreclosure of mortgage and sale of a property is not final and appealable until the trial court enters an order approving the sale and directing the distribution. *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶¶ 11-12. Because no such Rule 304(a) finding was made with respect to this order, we have no jurisdiction to review it.

¶ 12    Thus, we are left to confront the only issue properly before this court and for which we have appellate jurisdiction, which is Balmadrid's challenge to the February 13, 2019 denial of his request for a preliminary injunction against the sale of the property, scheduled for February 14, 2019. However, it is undisputed that this sale never occurred, and that the property remains unsold, on account of an automatic stay imposed due to Balmadrid's bankruptcy filings.

¶ 13    As a general proposition, Illinois appellate courts will not review moot cases. *American Service Insurance Co. v. City of Chicago*, 404 Ill. App. 3d 769, 781 (2010). "Mootness occurs once

the plaintiff has secured what he basically sought and a resolution of the issues could not have any practical effect on the existing controversy." *Hanna v. City of Chicago*, 382 Ill. App .3d 672, 677, (2008); see also, *People ex rel Newdelman v. Weaver*, 50 Ill. 2d 237, 241 (1972). In other words, a dismissal based on mootness should occur when "the issues have ceased to exist" and the appellate court cannot grant any effectual relief. *Hanna*, 382 Ill. App. 3d at 676. That is exactly the situation we are faced with here with respect to the denial of Balmadrid's request to preliminarily enjoin the February 14, 2019 sale of the property. As such, we dismiss this issue as moot.

¶ 14    For the foregoing reasons, we dismiss this appeal.

¶ 15    Appeal dismissed.