2022 IL App (1st) 210154-U

FOURTH DIVISION
February 3, 2022

No. 1-21-0154

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE APPELLATE COURT
OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| In the Matter of the Application of the County Treasurer and Ex-Officio County Collector of Cook County Illinois, for Judgment and Order of Sale Against Real Estate Rendered Delinquent for the Non-Payment of General Taxes for the Year 2015, | ) ) ) ) ) ) | Appeal from the Circuit Court of Cook County |
| Petition of PHOENIX BOND & INDEMNITY COMPANY, | ) ) ) | |
| Petitioner-Appellee, | ) ) | No. 19 COTD 3191 |
| v. | ) ) | |
| CADDIS ON THE FLY, INC. and COMMAND PROPERTIES, INC., | ) ) ) | Honorable Nichole C. Patton, |
| Respondents-Appellants. | ) ) ) | Judge Presiding. |

PRESIDING JUSTICE REYES delivered the judgment of the court.
Justices Rochford and Martin concurred in the judgment.

**ORDER**

¶ 1   *Held*:  Dismissing the case for lack of jurisdiction where the notice of appeal was filed while an attorney fee claim remained pending and no postjudgment motion was filed so as to confer jurisdiction under Illinois Supreme Court Rule 303(a)(2) (eff. July 1, 2017).

¶ 2     In September 2019, petitioner Phoenix Bond & Indemnity Company (Phoenix) filed a petition for an order directing the issuance of a tax deed concerning a parcel of real estate located at 647 West Division Street in Chicago, Illinois (the property) which was owned by respondent Caddis on the Fly, Inc. (Caddis).  In July 2020, Caddis, along with the manager of the property Command Properties, Inc. (Command) (collectively respondents), filed a redemption under protest to object to the tax deed petition which had been filed by Phoenix.  In December 2020, Phoenix filed its response and affirmative defenses to respondents' redemption under protest requesting, in part, the award of attorney fees should Phoenix prevail.

¶ 3     On January 26, 2021, the circuit court struck respondents' redemption under protest and directed the Cook County clerk to pay Phoenix the redemption funds deposited by respondents upon delivery of the certificate of purchase.  Pursuant to the Property Tax Code (Code) (35 ILCS 200/21-380 (West 2020)) and Phoenix's request, the circuit court granted Phoenix reasonable expenses, including attorney fees.  On February 11, 2021, respondents filed their notice of appeal.

¶ 4     On appeal, respondents contend that Phoenix failed to comply with various provisions of the Code (35 ILCS 200/22-10, 22-15, 22-25, 22-40 (West 2020)), did not diligently serve Caddis, and failed to serve other interested individuals.  As we find that we lack jurisdiction, the appeal is dismissed.

¶ 5                               BACKGROUND

¶ 6     In April 2017, Phoenix purchased the delinquent 2015 real estate taxes for the property. A certificate of purchase was issued to Phoenix evidencing its successful purchase of the tax lien. Pursuant to the Code, the property could be redeemed by the owner if the funds due and owing were paid by April 6, 2019.  Phoenix later extended the redemption date to March 23, 2020.

¶ 7    On September 24, 2019, Phoenix filed a petition in the circuit court seeking the issuance of the tax deed for the property upon the expiration of the redemption date of March 23, 2020. Notices were served via various methods, including by publication on the owners and unknown record claimants.  On March 18, 2020, in light of the COVID-19 pandemic, the Cook County clerk allowed any redemption payments due between March 18, 2020, and June 26, 2020, to be extended until July 7, 2020.

¶ 8    Thereafter, on July 7, 2020, respondents Caddis and Command filed a redemption under protest in the circuit court, in which respondents maintained that Phoenix failed to strictly comply with sections 22-10 through 22-25 of the Code (35 ILCS 200/22-10, 22-25 (West 2020)) as required by section 22-40 of the Code (35 ILCS 200/22-40 (West 2020)).  Respondents further alleged that Phoenix failed to exercise due diligence in having all of the interested parties served with notice of its petition for issuance of a tax deed.

¶ 9    In response, Phoenix filed a "petition to strike the redemption under protest and assignment for prove up on application for tax deed" (petition to strike).  The matter was presented to the circuit court and a briefing schedule was set on Phoenix's petition to strike. Responding to the petition to strike, respondents maintained that they had properly redeemed the property as they paid the redemption within the grace period as dictated by the Cook County clerk in response to the state and county executive orders regarding the COVID-19 pandemic.  In reply, Phoenix asserted that the Cook County clerk did not have the authority to extend the redemption period as it was prescribed by statute and could only be extended by the legislature. Phoenix further argued that respondents had not established they paid the appropriate amount to redeem the property as the amount was left blank in the exhibit attached to the response.  On November 17, 2020, the circuit court denied Phoenix's petition to strike.  No basis for the denial

was provided in the record.

¶ 10    On November 30, 2020, Phoenix filed a motion seeking leave to file a response to the redemption under protest.  The motion was granted and Phoenix was allowed time to respond. On December 16, 2020, Phoenix filed its answer and affirmative defenses in which it requested in its prayer for relief that it be awarded "reasonable expenses of this proceeding" pursuant to section 21-380 of the Code (35 ILCS 200/21-380 (West 2020)) should it prevail.[1]

¶ 11    On January 26, 2021, after hearing argument on the matter, the circuit court found that the notices and service were proper under the Code and issued a written order in which it stated that respondents' redemption under protest is "not sustained and is hereby stricken."  It further ordered Phoenix to deliver its certificate of purchase to the Cook County clerk and directed the clerk to pay Phoenix the redemption funds.  In turn, respondents were directed to pay Phoenix's reasonable expenses pursuant to section 21-380 of the Code, including attorney fees.  When Phoenix's counsel inquired whether another court date would be set in order to address the amount of attorney fees, the circuit court indicated that if the parties could not work out the amount between themselves then they should return to court.  No Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) language was included in the written order.

¶ 12    Thereafter, on February 11, 2021, respondents filed a notice of appeal seeking review of the January 26, 2021, order.

¶ 13    On February 16, 2021, Phoenix filed a motion for entry of judgment seeking $9,690 in

---

[1] "When the party redeeming appears and presents a defense, the court shall hear and determine the matter.  If the defense is not sustained, the court shall order the protest stricken and direct the county clerk to distribute the redemption money upon surrender of the certificate of purchase and shall order the party redeeming to pay the petitioner reasonable expenses, actually incurred, including the cost of withheld redemption money, together with a reasonable attorneys fee."  35 ILCS 200/21-380 (West 2020).

attorney fees and costs associated with the lawsuit. Phoenix appended to its motion its attorney billing statement, which included costs, as well as an email exchange between counsels for Phoenix and respondents regarding the attorney fees and costs. These emails included: (1) a January 26, 2021, email in which Phoenix's counsel provided respondents' counsel with the billing statement; (2) a February 9, 2021, follow-up email from Phoenix's counsel to respondents' counsel; and (3) a response from Caddis' counsel to Phoenix's counsel in which Caddis contested the amount of attorney fees.

¶ 14 On February 24, 2021, the circuit court entered a judgment in favor of Phoenix pursuant to section 21-380 of the Code for $4,845. Included in the written order was the language that "the enforcement of the judgment is stayed pending the determination of an appeal of this Court's Orders entered in this cause." No notice of appeal was filed regarding the February 24, 2021, order, and respondents did not seek to amend their February 11, 2021, notice of appeal.

¶ 15 Before this court, Phoenix filed two motions to dismiss, which were taken with the case. In the first motion, filed on August 26, 2021, Phoenix argued that the appeal should be dismissed because, as a corporation dissolved since 2006, Caddis did not have the capacity to file its protest nor pursue an appeal in this court and that Command had no standing because it did not deposit the redemption proceeds nor did it have any redeemable interest in the property. While we initially granted the motion, we reinstated the appeal "without prejudice to appellee pursuing its arguments that appellants lack capacity and standing in their brief." In its second motion filed on October 18, 2021, Phoenix argued the appeal is moot because the appellate court could not grant respondents any meaningful relief as the Cook County clerk had already disbursed the proceeds to Phoenix, the appellate court could not order the Cook County clerk to return the redemption deposit to Caddis, and, as Command had not made the redemption deposit, the Cook County

clerk could never have returned the redemption proceeds to Command.

¶ 16                                   ANALYSIS

¶ 17    Although respondents have raised several issues, the only issue which we will address at this time is whether this court has jurisdiction.  Respondents appeal under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Illinois Supreme Court Rule 303 (eff. July 1, 2017).  Under Rule 301, "[e]very final judgment of a circuit court in a civil case is appealable as of right.  The appeal is initiated by filing a notice of appeal.  No other step is jurisdictional."  Ill. S. Ct. R. 301 (eff. Feb. 1, 1994).  Rule 303(a)(1) requires that "[t]he notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from."  Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017).  Respondents filed their notice of appeal within 30 days of the January 26, 2021, order, on February 11, 2021.

¶ 18    The order entered on January 26, 2021, however, granted judgment in favor of Phoenix and awarded Phoenix reasonable attorney fees and costs pursuant to section 21-380 of the Code (35 ILCS 200/21-380 (West 2020)).  While the circuit court did not set a future date for prove-up of attorney fees and costs, it did state that if the parties were not able to come to an agreement on the amount that it would entertain another hearing.

¶ 19    Accordingly, the initial question in this appeal is whether the January 26, 2021, order was a final, appealable order.  We find that it was not.  Except as specifically provided by Rule 301, this court only has jurisdiction to review final judgments, orders, or decrees.  Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); *Almgren v. Rush-Presbyterian-St. Luke's Medical Center*, 162 Ill. 2d 205, 210 (1994).  "A judgment or order is 'final' if it disposes of the rights of the parties, either on the entire case or on some definite and separate part of the controversy."  *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 502 (1997).  To be a final judgment, the determination by the

court on the issues presented by the pleadings must ascertain and fix absolutely and finally the rights of the parties. *Big Sky Excavating, Inc. v. Illinois Bell Telephone Co.*, 217 Ill. 2d 221, 232-33 (2005). A judgment is final if it determines the litigation on the merits so that, if affirmed, nothing remains for the trial court to do but to proceed with its execution. *Id.* at 233.

¶ 20    The January 26, 2021, order was not a final, appealable order. While the order found in favor of Phoenix and granted Phoenix's request for reasonable attorney fees and costs as allowed under section 21-380 of the Code (35 ILCS 200/21-380 (West 2020)), the attorney fee claim remained pending as the circuit court had not yet awarded a judgment for the amount of attorney fees. Indeed, it was contemplated by the circuit court when entering the January 26, 2021, order that an additional hearing may be necessary to determine the reasonable attorney fees should the parties not be able to reach an agreement.

¶ 21    Respondents contend that the award of attorney fees in this case is incidental to the judgment and therefore their notice of appeal was timely filed and this court has jurisdiction. We disagree. It has long been recognized that a request for attorney fees is generally considered a separate "claim" for purposes of determining appealability, where multiple claims for relief are involved in an action. *Tressler, LLP v. Schwartz*, 2019 IL App (1st) 172367, ¶¶ 18-19; *Brown & Kerr, Inc. v. American Stores Properties, Inc.*, 306 Ill. App. 3d 1023, 1028 (1999); *F.H. Prince & Co., Inc. v. Towers Financial Corp.*, 266 Ill. App. 3d 977, 983 (1994). Furthermore, "[i]n determining whether an order that does not resolve a claim for fees constitutes a final, appealable order, 'courts have made a distinction between a claim for fees brought as part of the principal action and a claim made after the principal action has been decided.' " *Goral v. Kulys*, 2014 IL App (1st) 133236, ¶ 22 (quoting *In re Estate of Kunsch*, 342 Ill. App. 3d 552, 556 (2003)). "Where 'a proceeding for attorney fees is within and a part of the underlying civil action, the

issue must be resolved before the action becomes appealable.' " *Id.* (quoting *Kunsch*, 342 Ill. App. 3d at 556).

¶ 22    In this case, Phoenix raised, as part of its affirmative defenses in response to respondents' action, a request for reasonable attorney fees as allowed under the Code.  The record demonstrates that the January 26, 2021, order did not constitute a final, appealable judgment because, not only was the request for an award of attorney fees included in Phoenix's pleadings, but it was granted by the circuit court and a judgment regarding the amount of attorney fees remained pending at the time the notice of appeal was filed.  Moreover, as the January 26, 2021, order did not dispose of all the issues involved in the case, it could not be said that the only task which remained was merely "execution of the judgment."  See *Brentine v. DaimlerChrysler Corp.*, 356 Ill. App. 3d 760, 765 (2005).  This is particularly evident where, as here, just two days prior to the filing of its notice of appeal, Caddis' counsel was contesting the amount of attorney fees requested by Phoenix.  The record thus demonstrates that the issue of attorney fees was not resolved and that execution of the judgment could not have occurred.  The only way for respondents' appeal to have been timely filed would have been if the circuit court had made an Illinois Supreme Court Rule 304(a) finding, which it did not.  See *F.H. Prince & Co.*, 266 Ill. App. 3d at 983-84 ("if a trial court has jurisdiction to hear a claim for fees, any other judgment entered in the case before the claim for fees is ruled upon is or becomes nonfinal and nonappealable when the claim for fees is made, unless the prior judgment contains the language set forth in Supreme Court Rule 304(a), that there is no just reason to delay enforcement or appeal").

¶ 23    We conclude that the judgment in this case became final and appealable on February 24, 2021, when the circuit court entered an order awarding fees to Phoenix.  This order disposed of

all the rights and claims of the parties in the litigation and the only task remaining was the execution of the judgment. See *Brentine*, 356 Ill. App. 3d at 765.

¶ 24    In reaching this conclusion, we have considered *In re Estate of Kunsch*, 342 Ill. App. 3d 552 (2003), *Rettig v. Zander*, 364 Ill. 112 (1936), *Naperville South Commons, LLC v. Nguyen*, 2013 IL App (3d) 120382, and *Mitchell v. Atwood Enterprises, Inc.*, 253 Ill. App. 3d 475 (1993), on which respondents rely and find them inapplicable to the case at bar. Respondents cite these cases for the proposition that a judgment is final and appealable even though it leaves for consideration "incidental matters such as costs." As previously discussed, however, the matter before this court does not involve the consideration of an "incidental matter such as costs" as Phoenix's claim for attorney fees was included in its pleadings and the matter remained pending for a final judgment on the amount of those fees. Accordingly, because Phoenix's claim for attorney fees was within and a part of the underlying civil action, the issue must be resolved before the action becomes appealable. See *Kunsch*, 342 Ill. App. 3d at 556.

¶ 25    Respondents further request that this court consider its notice of appeal to be timely filed under Illinois Supreme Court Rule 303(a)(2) (eff. July 1, 2017). Illinois Supreme Court Rule 303(a)(2) provides that a premature notice of appeal "becomes effective when the order disposing of said motion or claim is entered." *Id.* Illinois Supreme Court Rule 303(a)(2) further provides:

> "A party intending to challenge an order disposing of any postjudgment motion or separate claim, or a judgment amended upon such motion, must file a notice of appeal, or an amended notice of appeal within 30 days of the entry of said order or amended judgment, but where a postjudgment motion is denied, an appeal from the judgment is deemed to include an appeal from the denial of the postjudgment motion." *Id.*

Thus, a premature notice of appeal becomes effective when an order denying the postjudgment motion is entered, and therefore it is unnecessary to file a new or amended notice of appeal. See *id.*, Committee Comments (adopted Mar. 16, 2007); *Gibson v. Belvidere National Bank & Trust Co.*, 326 Ill. App. 3d 45, 49 (2001) (an order denying a postjudgment motion merely confirms the preceding final judgment). If, however, a postjudgment order grants new or different relief than the first judgment, a new or amended notice of appeal is necessary to preserve an appeal from said order. Ill. S. Ct. R. 303(a)(2), Committee Comments (adopted Mar. 16, 2007).

¶ 26    Regarding this issue, we find *Tressler* dispositive. In that case, the plaintiff filed a breach of contract action and requested attorney fees and costs in pursuing the breach of contract action as allowed in the written agreement. *Tressler*, 2019 IL App (1st) 172367, ¶ 3. After a bench trial, on August 28, 2017, the plaintiff was awarded a judgment on the breach of contract claim as well as "its attorney fees in this matter" yet no determination had been made regarding the amount of those attorney fees. *Id.* ¶ 9. The defendant filed a notice of appeal on September 27, 2017, appealing from the August 28, 2017, order. *Id.* ¶ 10. The same day the defendant filed its notice of appeal, the plaintiff filed a motion requesting leave to file a bill of particulars, seeking $20,375 for attorney fees associated with pursuing the claim against the defendant. *Id.*

¶ 27    On November 15, 2017, the defendant filed a motion to vacate the August 28, 2017, judgment pursuant to section 2-1301 of the Code of Civil Procedure (735 ILCS 5/2-1301 (West 2016)) in which it was alleged the judgment was void. *Id.* ¶ 11. On January 17, 2018, the circuit court entered an order awarding the plaintiff attorney fees and made no ruling on the motion to vacate due to the defendant having filed an appeal. *Id.* ¶ 12.

¶ 28    On appeal, the reviewing court found it lacked jurisdiction to consider the August 28, 2017, order because the notice of appeal was prematurely filed as the circuit court did not enter a

final, appealable judgment until January 17, 2018. *Id.* ¶ 19. Similar to the case at bar, the defendant further asserted on appeal that under Rule 303(a)(2) the notice of appeal filed on September 27, 2017, became effective upon entry of the January 17, 2018, order. *Id.* ¶ 21. The reviewing court disagreed. In doing so, the *Tressler* court found that "[t]he only way to toll the time for filing an appeal from a final judgment under Rule 303(a)(2) is to file a *timely* postjudgment motion attacking the final judgment" which, in the *Tressler* case, was entered in January, not August. (Emphasis in original.) *Id.* ¶ 22. The *Tressler* court further stressed that Rule 303(a)(2) "requires that such postjudgment motions be 'timely' filed in order to take advantage of the delayed effectiveness of a premature notice of appeal" and observed that the defendant did not attempt to file a postjudgment motion after the actual final judgment was entered in January. *Id.* Accordingly, because no timely posttrial motion had been filed, the defendant could not take advantage of Rule 303(a)(2). *Id.*

¶ 29 Here, as in *Tressler*, a judgment was entered on January 26, 2021, which left pending the issue of attorney fees and was thus a nonfinal order. Respondents then filed their notice of appeal before the final order was entered in this case on February 24, 2021. No postjudgment motion was filed by respondents, timely or otherwise. Accordingly, respondents' premature notice of appeal did not become "effective" upon entry of the February 24, 2021, order, and they were required to file a new or amended notice of appeal within 30 days of the entry of the February 24, 2021, order. See Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). As respondents failed to file a proper notice of appeal in this cause, we lack jurisdiction. See *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 176 (2011) ("Unless there is a properly filed notice of appeal, the appellate court lacks jurisdiction over the matter and is obliged to dismiss the appeal."). Because we lack jurisdiction, we decline to consider the two motions to dismiss filed by Phoenix that

were taken with the case.

¶ 30                                 CONCLUSION

¶ 31    For the reasons stated above, we lack jurisdiction to consider this appeal.

¶ 32    Appeal dismissed.